Arthur S. Hirsch, J.
Defendants move to vacate a default judgment entered in the United States District Court for the Northern District of Texas, to vacate and set aside a transcript of that judgment filed in the County Clerk’s office, Kings County, and to stay and set aside enforcement of the judgment and all liens, restraining notices and other proceedings under the judgment.
A transcript of the judgment having been filed with the County Clerk, Kings County, plaintiffs issued and served a restraining notice on Franklin National Bank and Security National Bank (pursuant to CPLR 5222, subd. [b]) prohibiting them from disposing of defendant’s property in their possession or paying over or otherwise disposing of any debt due or to become due to defendants.
Defendants deny that they were ever served with process in the action, or that they received notice of pendency of the action, or of entry of judgment, until February 4, .1974 when they learned that a restraining notice had been served on the banks. Service of process in the action was effected by service on the Secretary of State of Texas on May 4,1971. Defendants assert that they did not then reside, or do business, in Texas and therefore are not subject to in personam jurisdiction in Texas. Their request for relief rests on CPLR 5015 (subd. [a]) which they say permits the court to relieve them of the judgment, because their default is excusable and the Texas court lacks jurisdiction (CPLR 5015, subd. [a], pars. 1 and 4). They allege facts to show that they have a good and meritorious defense and an alleged counterclaim to the action and an excusable reason for their default.
Plaintiffs contend that there is no action, entitled as above, in this court, in which this motion could be made. They say that to vacate the judgment, defendants must apply to the Texas court.
Two issues are presented:
(1) May the court vacate the Texas judgment, and if not, (2) may the court deny faith and credit to the judgment and refuse to enforce it.
*513 This court may not vacate a judgment entered in a court of another State. CPLB 5015 does not vest it with such power. Only “ the court which rendered a judgment ” is authorized to relieve a party from it under certain circumstances enumerated by that section (Brenner v. Arterial Plaza, 29 A D 2d 815).
A judgment is ‘ ‘ entered ’ ’ but once, and by one court, and only in the court where the action was started and went to judgment (Brenner v. Arterial Plaza, supra). While a transcript of judgment may be ‘1 docketed ’ ’ in other counties, such docketing does not confer jurisdiction on those counties to vacate the judgment. Docketing a transcript of a judgment in other counties is in aid of enforcement (Brenner v. Arterial Plaza, supra). That the county in which the judgment was “ entered ” is in a foreign State does not confer jurisdiction on the docketing county to vacate the judgment. CPLR 2212 (subd. [a]) directs that “ a motion on notice in an action in the supreme court shall be noticed to be heard in the judicial district where the action is triable ” and CPLR 105 (subd. [p]) defines the place where the election is triable “ after entry of judgment [as] the place where the judgment was entered.” Judgment having been entered in the United States District Court for the Northern District of Texas, defendants must apply to that court to vacate it.
While judgments entered in courts of other States are to be given full faith and credit, they may be impeached if the court lacks jurisdiction, either of the subject matter or the person of defendant (Smith v. Central Trust Co., 154 N. Y. 333, 338). Courts do not acquire jurisdiction by mere assertion of it, or by erroneously alleging existence of facts upon which jurisdiction depends. Want of jurisdiction may always be asserted and rests directly or indirectly, either upon the record on which the judgment rests or upon extraneous proof which is always admissible for that purpose. (O’Donoghue v. Boies, 159 N. Y. 87, 99.)
It is an old and familiar rule that ‘ ‘ nothing shall be intended to be out of jurisdiction of a superior court, but that which specially appears to be so ” (Peacock v. Bell, 1 Saund. 69, 74b). ‘ ‘ A superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction not only of the cause or subject-matter of the action in which the judgment is given, but of the parties also.” (Galpin v. Page, 18 Wall. [85 U. S.] 350, 365-366.) When it appears, however, that an essential step was omitted, the presumption in favor of *514 jurisdiction is destroyed and a presumption against jurisdiction arises (Smith v. Central Trust Co., supra, p. 341). However, the burden of proof as to want of jurisdiction is upon defendant who must allege it (Rice v. Coutant, 38 App. Div. 543). In this case, while the presumptive effect of the judgment sued on is overcome by defendants ’ denial that they were properly served and that they were residents of, or engaged in doing business in Texas, the burden of proof of want of jurisdiction rests with them.
Defendants challenge jurisdiction of their persons on the ground that they were never served with process, or received notice of pendency of the action. Elkin, the individual defendant, alleges that on May 4,1971, when process was served on the Secretary of State of Texas, he was not a resident of that State, and Boston, the corporate defendant, alleges that on that date it neither did business or had a place of business in Texas.
Plaintiffs, on the other hand, claim that existing records show that defendants did business in Ennis, Texas, maintained an office there, participated in legal proceedings as named parties in the Bankruptcy Court in the United States District Court for the Northern District, at Fort Worth, Texas, and that Elkin testified in another action that he supervised and was familiar with testing hundreds of items of merchandising in Texas. We are told that Elkin is very guarded about his address, giving as his “ home ” address Boston’s address or the address of other corporations, where he neither lives, sleeps nor otherwise maintains an abode, and that 365 Arlington Avenue, Brooklyn, New York, his alleged present address, turns out to be Boston’s address.
A certificate of authority to do business in Texas was issued to Boston on November 11, 1965 and a certificate of withdrawal was filed on May 1,1971. On May 4,1971, a United States Marshal served the writs in this action on defendants by service on the Secretary of State in Texas, and on May 5, 1971, the Secretary forwarded a copy of the writs to defendants by registered mail, return receipt requested to both defendants at 81 N. Forest Avenue, Rockville Centre, New York 11570.
Vernon’s Texas Civil Statutes (art. 2031b) deal with service of process upon foreign corporations and nonresidents. Section 3 of that article provides that ‘1 Any foreign corporation * * * or non-resident natural person that engages in business in this State * * * and does not maintain a place of regular business in this State or a designated agent upon whom *515 service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation * * * or nonresident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State ’ ’.
Section 5 prescribes that whenever process against a foreign corporation or nonresident natural person is made by delivering duplicate copies of the process to the Secretary of State he ‘1 shall require a statement of the name and address of the home or home office of the non-resident. Upon receipt of such process, the Secretary of State shall forthwith forward to the defendant a copy of the process by registered mail, return receipt requested.”
Section 6 states: ‘ ‘ When any corporation * * * or natural person becomes a non-resident of Texas * * * after a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such corporation * * * or natural person is not required to appoint a service agent in this State, such corporation * * * or natural person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be a true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business or an officer of such company, or to such natural person by certified or registered mail, return receipt requested.”
The judgment in this action recites 1 ‘ that the court finds that it has jurisdiction of the parties and the subject matters,” and it appearing that defendants have damaged plaintiffs “ by conversion of certain securities belonging to plaintiffs, they are awarded judgment.”
Service was properly effected on these defendants pursuant to article 2031b, Vernon’s Texas Civil Statutes. That defendants may not have received notice of the action does not invalidate service of the process. The statute requires only obedience to its mandate, not that defendants shall receive actual notice of the proceeding.
The next question is whether defendants, having been properly served with process, are subject to in personam jurisdiction *516 of the Texas court. That defendants did not reside, or have A place of business in Texas, as urged by defendants, when service was effected, is not conclusive on the question. If (1) defendants-engaged in doing business in the State (Texas), and (2) the cause arises out of such business they are subject to Texas in personam jurisdiction.
“ Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit’does not offend ‘ traditional notions of fair play and substantial justice ’ ” (International Shoe Co. v. Washington, 326 U. S. 310, 316). We find defendants were doing business in Texas and their acts in doing such business are ‘ ‘ equivalent to an appointment * * * of the Secretary of State of Texas as agent upon whom service of process may be made in any action * * # arising out of such business done in this State” (Vernon’s Civ. Stat., art. 2031b, § 3).
That the Secretary of State was served on May 4, 1971 (three days after withdrawal of Boston’s certificate) does not invalidate the service. Authority to serve process on Boston, through the Secretary of State, for causes arising out of acts while it did business in Texas, flows from section 3 of article 2031b. Withdrawal of Boston’s certificate -of authority to do business in Texas does not stop that flow.
Defendants’ activities in Texas meet International Shoe Co. (supra) minimum contacts test, properly subjecting them to in personam jurisdiction in that State, and such in personam jurisdiction continues with respect to causes arising out of their activities in Texas after withdrawal of Boston’s certificate to do business there, and defendants’ removal from the State. Texas’ in personam jurisdiction attached when defendants engaged in doing business there, and certainly with respect to causes arising out of those activities in that ¡State.
It appearing that this cause arises out of defendants’ activities in Texas, they are properly subject to its in personam jurisdiction. Having failed to meet the burden of proof on the issue that the Texas court is without jurisdiction, enforcement of the judgment may not be restrained.
Defendants’ motion is denied.