ARMOND BUDISH *vs.* JANE DANIEL.[1]

Middlesex. March 7, 1994 - April 20, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Interest. Judgment*, Interest. *Damages*, Interest. *Practice, Civil*, Enforcement of Federal court judgment.

The rate of postjudgment interest applicable in a Massachusetts proceeding to enforce a Federal court judgment is the rate (twelve per cent) set forth in G. L. c. 235, § 8, and G. L. c. 231, §§ 6H and 6B, i.e., the rate determined in accord with the law of the forum; there was no merit to contentions that congressional intent or considerations militating against forum shopping or Federal courts' different treatment of postjudgment interest in diversity actions required a different result. [575-579]

CIVIL ACTION commenced in the Superior Court Department on September 15, 1992.

The case was heard by *Charles T. Spurlock*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Lawrence G. Green* (*John W. Maconga* with him) for the plaintiff.

*Blake J. Godbout* (*Michael A. Gagnon* with him) for the defendant.

ABRAMS, J. At issue is the rate of postjudgment interest applicable in a State court proceeding to enforce a Federal court judgment. On March 1, 1993, the United States District Court for the Northern District of Ohio entered a judgment in a copyright infringement action for the plaintiff in the amount of $570,548 "plus statutory interest from the date of this judgment forward as set forth in 28 U.S.C.

[1]Also known as Jane Daniel Nagy.

§ 1961 [1988 ed. & Supp. IV 1992]."[2] Pursuant to 28
U.S.C. § 1961, the Federal court set the rate of postjudg-
ment interest at 3.45%. Thereafter, the plaintiff, Armond
Budish, commenced an action in the Superior Court, seeking
to enforce the Federal judgment. In this action, the plaintiff
sought an award of postjudgment interest at the twelve per
cent rate set forth in G. L. c. 235, § 8 (1992 ed.), and
G. L. c. 231, §§ 6H and 6B (1992 ed.).[3] The defendant de-
faulted in the enforcement proceeding. The Superior Court
judge entered a judgment in the plaintiff's favor and assessed
postjudgment interest at the Federal rate of 3.45% per an-
num. The plaintiff appealed from the Superior Court judge's
ruling as to the postjudgment interest. We granted the plain-
tiff's application for direct appellate review. We reverse.

We have consistently held that "interest on foreign judg-
ments is to be computed in accordance with our statutes, as a

_____

[2]Title 28 U.S.C. § 1961 (1988 ed. & Supp. IV 1992) provides, in part,
that "[i]nterest shall be allowed on any money judgment in a civil case
recovered in a district court. . . . Such interest shall be calculated from
the date of entry of the judgment, at a rate equal to the coupon issue yield
equivalent (as determined by the Secretary of the Treasury) of the average
accepted auction price for the last auction of fifty-two week United States
Treasury bills settled immediately prior to the date of the judgment."

[3]General Laws c. 235, § 8 (1992 ed.), provides, in part: "Every judg-
ment for the payment of money shall bear interest from the day of its
entry at the same rate per annum as provided for prejudgment
interest . . . ."

General Laws c. 231, § 6H (1992 ed.), states: "In any action in which
damages are awarded, but in which interest on said damages is not other-
wise provided by law, there shall be added by the clerk of court to the
amount of damages interest thereon at the rate provided by [§ 6B] to be
determined from the date of commencement of the action even though
such interest brings the amount of the verdict or finding beyond the maxi-
mum liability imposed by law."

General Laws c. 231, § 6B (1992 ed.), states: "In any action in which a
verdict is rendered or a finding made or an order for judgment made for
pecuniary damages for personal injuries to the plaintiff or for consequent-
ial damages, or for damage to property, there shall be added by the clerk
of court to the amount of damages interest thereon at the rate of twelve
per cent per annum from the date of commencement of the action even
though such interest brings the amount of the verdict or finding beyond the
maximum liability imposed by law."

matter 'touching the remedy.' " *Murphy's Case*, 352 Mass. 233, 235 (1967), quoting *Atwood* v. *Walker*, 179 Mass. 514, 518 (1901). See *Clark* v. *Child*, 136 Mass. 344, 348 (1884); *Hopkins* v. *Shepard*, 129 Mass. 600, 601 (1880); *Ayer* v. *Tilden*, 15 Gray 178, 183-184 (1860); *Barringer* v. *King*, 5 Gray 9, 12 (1855). As we observed in *Clark, supra* at 348, "In suits upon judgments, interest is recoverable, not as a sum due by contract of the parties, but as damages, and follows the rule in force in the jurisdiction where the suit is brought. It has therefore been held, that, in such suits upon judgments of sister States, the plaintiff recovers interest according to our laws, and not according to the laws of the State in which the judgment is rendered. . . . If, by the general laws of California, it was provided that, upon all judgments of its courts, interest should run at the rate of seven per cent, this provision would not operate in another State in a suit upon a judgment. The fact that the provision is embodied in the record of the judgment cannot give it greater force. It is not an essential part of the judgment, which other States are bound to respect and enforce, but affects the remedy upon it, which is governed by the lex fori. One State cannot thus control the remedy and determine the rule of damages which shall govern sister States in which a remedy is sought upon such judgment."

We have never before considered whether a Massachusetts court should apply the Massachusetts statutory interest rate when issuing an order to enforce a Federal court judgment, as it does when issuing an order to enforce a judgment rendered in a sister State. In arguing that the Massachusetts statutory interest rate should not be applied in this matter, the defendant notes that G. L. c. 231, § 6H, essentially provides that the Massachusetts statutory interest rate shall not be applied in any action in which interest on damages is otherwise provided by law. See note 3, *supra*. The defendant then asserts that the Massachusetts statutory interest rate should not be applied in this case because the rate of postjudgment interest has been provided by Federal law. However, in keeping with our firmly established principle

that postjudgment interest is to be determined in accord with
the law of the forum, we interpret G. L. c. 231, § 6H, as
providing that the rate of postjudgment interest shall be set
in accord with the Massachusetts statutory interest rate un-
less the postjudgment interest rate is otherwise provided by
Massachusetts law. See *Sharpe* v. *Springfield Bus Terminal
Corp.*, 406 Mass. 62, 64-66 (1989).[4]

The defendant also contends that we should apply the Fed-
eral statutory interest rate because: the legislative history of
28 U.S.C. § 1961, indicates that Congress wanted State
courts to apply the Federal statutory interest rate; to do oth-
erwise would sanction forum shopping; and the majority of
Federal District Courts apply the Federal postjudgment in-
terest rate in diversity actions.

We turn to the defendant's arguments. As to the issue of
congressional intent, there is a provision in subsection (c) (4)
of 28 U.S.C. § 1961, which states that "[t]his section shall
not be construed to affect the interest on any judgment of
any court not specified in this section." Title 28 U.S.C.
§ 1961, does not specify State courts as being subject to its
provisions.[5]

The defendant next asserts that we should apply the Fed-
eral statutory interest rate to prevent unbridled forum shop-
ping. That argument is unpersuasive. A party seeking to en-
force a Federal judgment does not have unbridled discretion
in choosing the forum. An action to enforce a Federal judg-

---

[4]The defendant's interpretation of G. L. c. 231, § 6H, would require
that a Massachusetts court entering an order to enforce a judgment ren-
dered in a sister State would not be able to set the rate of postjudgment
interest in accord with the Massachusetts statutory interest rate if the sis-
ter State court provided for the rate at which postjudgment interest would
accrue. Such a rule would be directly at odds with the relevant case law.

[5]At oral argument, the defendant's attorney contended that G. L.
c. 235, § 8, could not govern the rate of postjudgment interest in this mat-
ter because it was preempted by 28 U.S.C. § 1961. Because the defendant
did not raise the issue of preemption below, see *Donahue* v. *Dal, Inc.*, 314
Mass. 460, 463 (1943), and because the defendant does not argue this
issue in her brief, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass.
921 (1975), the issue is waived.

ment can be pursued successfully only in a State in which the property or other assets are located or where the person against whom the judgment has been entered can be located. Massachusetts was the only available forum in which the plaintiff could successfully enforce the judgment because the defendant resides in Massachusetts and all of her known assets are located here. Further, any party against whom a Federal court enters a monetary judgment can prevent the prevailing party from shopping around for the highest available postjudgment interest rate by promptly satisfying the judgment. See *Ayer, supra* at 184.

The defendant also argues that we should apply the Federal statutory interest rate because the majority of Federal courts apply the Federal postjudgment interest rate in diversity actions. See *Forest Sales Corp.* v. *Bedingfield,* 881 F.2d 111, 112-113 (4th Cir. 1989), and cases cited. In *Fontaine* v. *Ebtec Corp.,* 415 Mass. 309, 327 (1993), we recognized that "[t]he Federal courts treat postjudgment interest on State law claims as a matter of procedure governed by Federal statute" and concluded that we would treat the issue of postjudgment interest on Federal law claims as a procedural matter to be governed by G. L. c. 235, § 8.[6] Having determined that G. L. c. 235, § 8, governs the rate of postjudgment interest to be awarded by a Massachusetts court when issuing a judgment to vindicate a Federal claim, we think it logical to rule that G. L. c. 235, § 8, also governs the rate of postjudgment interest to be awarded by a Massachusetts court when issuing a judgment to vindicate a Federal judgment.

Our rule is that the law of the forum governs the determination of the rate of postjudgment interest. See 2 Beale,

---

[6]In *Militello* v. *Ann & Grace, Inc.,* 411 Mass. 22, 28-29 (1991), after determining that, in the context of an action brought under Federal admiralty law, the prejudgment interest rate issue was a substantive matter which should be resolved in accord with the Federal law, we said that "we think it best, in maritime cases brought in State courts under the saving to suitors clause, to follow the Federal practice for the assessment of postjudgment interest." This result was expressly limited to maritime cases.

Conflict of Laws § 420.1, at 1339 (1935) (While "[i]t has been intimated that the foreign law as to interest must be carried out in order to give 'full effect and credit' to the judgment of another State[,] . . . in Massachusetts, with more reason, it has been held that the rate of interest is not part of the judgment, and no effect need constitutionally be given to it; even when the [foreign] judgment by its terms bears interest, this is not an integral part of the judgment, and interest is allowed at the [Massachusetts statutory] rate"). The defendant has not presented any persuasive argument to depart from our rule. Therefore, we conclude that the judge should have applied the Massachusetts postjudgment interest rate when entering an order to enforce the Federal court judgment.[7] We remand this matter to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[7] In calculating the interest owed the plaintiff by the defendant in this matter, the Superior Court should apply the Massachusetts postjudgment statutory interest rate of twelve percent from the date of the Federal judgment. See *Hopkins* v. *Shepard*, 129 Mass. 600, 601 (1880).