719 A.2d 993

## MIKE SMITH PONTIAC, GMC, INC.

v.

## MERCEDES–BENZ OF NORTH AMERICA, INC.

No. 1827, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Oct. 28, 1998.

Scott A. Livingston (David Mcl. Williams, P.C. and Gorman & Williams, on the brief) Baltimore, for appellant.

Paul Walter (William C. Sammons, Michael H. Tow and Tydings & Rosenberg LLP, on the brief) Baltimore, for appellee.

Argued before WENNER and THIEME, JJ., and ROBERT F. FISCHER, Judge (retired), Specially Assigned.

WENNER, Judge.

Appellant/Cross–Appellee, Mike Smith Pontiac, GMC, Inc., (MSP) appeals from a judgment granting the Motion for Order Declaring Judgment Satisfied and Releasing Property from Levy[1] filed by Appellee/Cross–Appellant, Mercedes–

---

1. MSP had filed a judgment obtained in Florida with the Clerk of the Circuit Court for Harford County, Maryland, pursuant to the Uniform

Benz of North America (MBNA). MBNA has noted a cross-appeal from the judgment which denied its claim for costs and attorney's fees. On appeal, MSP presents us with the following issues:

1. Whether the lower court erred in ruling that filing a foreign judgment in the Circuit Court in full compliance with the Maryland UEFJA did not create a separate, valid Maryland judgment with independent legal effect subject to Maryland law and Maryland's post-judgment interest rate.

2. Whether the lower court erred in ruling that a Maryland judgment properly filed and recorded under the Maryland UEFJA and subject to Maryland's 10% post-judgment interest statute can be collaterally attacked by reason of the debtor's subsequent payment of only the lesser amount on the underlying foreign judgment.

3. Whether the lower court erred in ruling that a form of limited satisfaction of judgment, which acknowledged only receipt of the amount due on the Florida federal court judgment, was equivalent to an accord and satisfaction or complete release of all amounts due on the Maryland judgment properly filed under the UEFJA.

On cross-appeal, MBNA inquires only whether the lower court was clearly erroneous and/or abused its discretion in denying MBNA's request for costs and attorney's fees.

We shall respond only to the first question posed by appellant/cross-appellee, and to the only question posed by appellee/cross-appellant, in the negative, and affirm the judgments of the circuit court.

### Facts

In 1987, the parties became involved in a brouhaha concerning MBNA's refusal to approve the transfer of a Mercedes–Benz franchise owned by MSP. Litigation ensued in the U.S.

---

Enforcement of Foreign Judgments Act (UEFJA). *See* Md.Code (1973, 1995 Repl.Vol.), Cts. & Jud. Proc. (CJP), §§ 11–801–11–807.

District Court for the Middle District of Florida, Orlando Division. The litigation ultimately resulted in a jury verdict entered on 29 February 1996 in favor of MSP and against MBNA, including interest at the federal rate of 3.51%. The verdict, including interest, totaled $7,530,660. On 4 March 1996, MSP filed the Florida judgment in the Circuit Court for Harford County, Maryland. On 7 March 1996, MBNA paid the Florida judgment in full. MSP subsequently executed and filed a "Satisfaction of Judgment."[2] On 7 March 1997, however, MSP attempted to enforce the judgment filed in Maryland.

_____

2.

### Satisfaction of Judgment

KNOW ALL MEN BY THESE PRESENTS that We, MIKE SMITH PONTI-AC, GMC, INC., Plaintiff in the above styled cause, wherein a judgment was rendered on the 4th day of December, 1996 in the above-named Court for MIKE SMITH PONTIAC, GMC, INC., Plaintiff, and against MERCEDES–BENZ OF NORTH AMERICA, INC., Defendant, do hereby acknowledge full payment and satisfaction of that judgment rendered on December 4, 1996, by Richard D. Sletten, the Clerk of said Court, only to the extent said judgment provides for payment of the sum of $498,212.45, together with interest at the rate of 3.51% compounded annually, from July 24, 1992, and to the extent that said judgment provides for payment of the sum of $348,561.50, together with interest at the rate of 5.25% compounded annually, from February 29, 1996.

WITNESS my hand and seal this 18 th day of December, 1996.

Signed, sealed and delivered      MIKE SMITH PONTIAC, GMC, INC.
in the presence of:

/s/ Susan Weeks              By:   /s/ Paul J. Richards
Name:   Susan Weeks          Name:   PAUL J. RICHARDS
                             Title:   Vice President
                                      (CORPORATE SEAL)
/s/ Marjorie Bennett
Name:  Marjorie Bennett      Address:  84 Business Park Drive, Ste. 103 .
                                       Armonk, N.Y. 10504
STATE OF New York
COUNTY OF Westchester

The foregoing instrument was acknowledged before me this 18 th day of December, 1996, by Paul J. Richards, as Vice President of MIKE SMITH PONTIAC, GMC, INC., a Florida corporation, on behalf of the corporation. He is personally known to me xxxxxxxxxxxxxxxxx did (xxxx) take an oath.

                             /s/ Lorraine A. Ciero
(NOTARY SEAL)                Notary Public

In the Florida federal court, on 1 April 1997, after considering oral argument on MBNA's Verified Emergency Rule 60(b)(5) Motion to Relieve [MBNA] of Judgments Which Have Been Fully Satisfied and To Sanction [MSP], Magistrate Judge David A. Baker recommended that "the Court declare the Judgment satisfied in full and order the Clerk of Court to discharge same accordingly," and that there is "no basis for sanctions." [3] On 8 May 1997, District Court Judge Patricia Fawsett adopted Magistrate Judge Baker's recommendation, and the judgment was marked fully paid.

In Maryland, on 7 March 1997 MSP sought to enforce the judgment filed in Maryland, claiming it had not been fully satisfied. MSP claimed to be entitled to interest from 24 July 1992, the original date of judgment, at the Maryland rate of 10%. Consequently, MSP claimed that $1,724,091.01 remained outstanding.

MBNA filed a counterclaim seeking costs and attorney's fees because MSP had not complied with Md. Rule 2–626(a), which requires the judgment creditor to "furnish to [MBNA] and file with the clerk [of the Court for Harford County, Maryland] a written statement that the judgment had been satisfied."

On 23 September 1997, Judge William O. Carr of the Circuit Court for Harford County filed a Memorandum Opinion and Order granting "MBNA's Motion for Order Declaring Judgment Satisfied," and its "Motion to Release Property from

Name: <u>Lorraine A. Ciero</u>
Serial No.: <u>60–0638520</u>
My Commission Expires: 3/30/97

This instrument was prepared
by and should be returned to:
Terry C. Young, Esquire
Lowndes, Drosdick, Doster, Kantor
  & Reed, P.A.
Post Office Box 2809
Orlando, Florida 32802–2809

**3.** Federal Rule of Civil Procedure 60(b)(5) allows a court to relieve a party of a final judgment or order if the judgment has been satisfied.

Levy." MBNA's request for costs and attorney's fees was denied.

This appeal and cross-appeal followed.

## I.

We initially note that appellant has presented us with a threshold question: whether the Florida judgment filed in Maryland becomes a Maryland judgment. As Judge Carr put it:

> The Plaintiff [MSP] refers in his case to the 'Maryland judgment.' In reality there is no judgment by a Maryland court involved in the case. There was a judgment rendered by a federal court which was recorded in Maryland, but in the opinion of this Court any attempts to take any action on this judgment in this state are impermissible because the underlying Florida judgment has been satisfied.

We agree.

MSP first claims it was entitled to post-judgment interest at the Maryland rate of 10%, rather than the federal rate of 3.51%. In appellant's view, the judgment filed in Maryland pursuant to the UEFJA could be fully satisfied only upon payment of post-judgment interest at the Maryland rate of 10%. Appellant is mistaken.

▅▅▅ Maryland's courts are required to "give full faith and credit to a judgment of a federal court located in another state as a judgment issued by a State court...." *Osteoimplant Tech. v. Rathe Prod.*, 107 Md.App. 114, 119, 666 A.2d 1310 (1995), *cert. denied*, 341 Md. 648, 672 A.2d 623 (1996) (citations omitted). *See also* U.S. Const. art. IV, § 1. To facilitate enforcement of foreign judgments, the UEFJA was enacted by the General Assembly, effective 1 July 1987. Md.Code (1973, 1995 Repl.Vol.), Cts & Jud. Proc. Article (CJP) §§ 11–801–11–807. "[T]he Act was designed merely as a facilitating device and was not intended to alter any substantive rights or defenses which would otherwise be available to a judgment creditor or judgment debtor in an action for enforcement of a

foreign judgment...." *Guinness PLC v. Ward*, 955 F.2d 875, 892 (4th Cir.1992).

■ Although such a judgment is entitled to full faith and credit, it is unclear whether defenses available in the foreign jurisdiction are available to the judgment debtor. Although Maryland's appellate courts have not squarely addressed this issue, we find *Guinness PLC*, and *Osteoimplant Tech.* to be helpful.

In *Guinness PLC*, a judgment creditor claimed a judgment entered in Great Britain and filed in Maryland had not been satisfied by a post-judgment settlement. In resolving this issue, the *Guinness PLC* court said that the UEFJA gives adequate protection "to the judgment debtor to present any defense that can now be interposed to an action on such judgment." *Id.* at 891 (citations omitted).

In *Osteoimplant Tech.*, a judgment debtor sought to vacate a New York judgment entered by a federal court. In resolving this issue, we first noted *Matson v. Matson*, 333 N.W.2d 862 (Minn.1983), in which the Minnesota Supreme Court recognized that "[a]fter a foreign judgment has been duly filed, the grounds for reopening or vacating it are limited to lack of personal or subject matter jurisdiction of the rendering court, fraud in procurement (extrinsic), satisfaction, lack of due process, or other grounds that make a judgment invalid or unenforceable." *Id.* at 119–20 (citing *Morris v. Jones*, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1946)). We went on to recognize, however, the principle articulated in *Brittain v. Boston Pneumatic, Inc.*, 78 Misc.2d 511, 355 N.Y.S.2d 45 (N.Y.Sup.1974) that a "court may not vacate a judgment entered in a court of another state.... [O]nly 'the court which rendered judgment' is authorized to relieve a party from it under certain circumstances...." *Osteoimplant Tech.*, 107 Md.App. at 120, 666 A.2d 1310, and concluded that to vacate, alter, or amend the judgment, the court that rendered it must do so.

Thus, we believe that *Guinness PLC* and *Osteoimplant Tech.* dispose of appellant's notion that "a foreign judgment,

filed in Maryland, becomes a Maryland judgment in every conceivable way." *Osteoimplant Tech.,* 107 Md.App. at 118, 666 A.2d 1310. Put another way, *Guinness PLC* and *Osteoimplant Tech.* make clear that "aspects ... of a foreign judgment cannot be relitigated in the state in which enforcement is sought." *Osteoimplant Tech.,* 107 Md.App. at 120, 666 A.2d 1310.[4]

In the instant case, the Florida judgment filed in Maryland had been fully satisfied. Thus, it is not enforceable in Maryland. Nonetheless, appellant cites *Weiner v. Blue Cross of Maryland, Inc.,* 730 F.Supp. 674, (D.Md.1990), *aff'd* 925 F.2d 81 (4th Cir.), *cert. denied,* 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 43 (1991), in support of its position. In *Weiner,* a dispute that arose as to the beneficiaries' coverage under a health insurance policy resulted in a judgment entered against Weiner by the U.S. District Court for the Middle District of Florida. After the Florida judgment was filed in Maryland pursuant to the UEFJA, appellee removed the matter to the United States District Court for the District of Maryland. Appellant challenged the removal.

After an extensive review of the UEFJA, the District Court noted, "[w]hile the [UEFJA] eliminates the need for filing of a complaint and following other procedures ... the adoption by a state of an act merely to streamline the procedure should not alter the right of removal which was created by Congress." *Id.* at 677.

It is appellant's position that a foreign judgment filed in Maryland becomes a Maryland judgment. Appellant is wrong. As the *Weiner* court put it, the UEFJA alters no substantive rights or defenses otherwise available to the judgment creditor or the judgment debtor. *See id.* In other words, the *Weiner* court recognized the UEFJA as merely a device to facilitate the enforcement of foreign judgments. *See*

---

**4.** The *Matson* court mentioned satisfaction as a basis for attacking a foreign judgment in the foreign state in which it had been filed. Thus, in the case at hand, satisfaction is available to MBNA. *See Matson,* 333 N.W.2d at 867.

*id.*, (citing *Jones v. Roach*, 118 Ariz. 146, 575 P.2d 345 (1977)).[5] Because the Florida judgment filed in Maryland is subject to the defense of satisfaction, *Weiner* is of no avail to appellant.

Appellant also relies on *Budish v. Daniel*, 417 Mass. 574, 631 N.E.2d 1009 (Mass.1994). There, appellant brought an action in the Massachusetts Superior Court to enforce a judgment entered in its favor by the United States District Court for the Northern District of Ohio, and filed in Massachusetts. When appellee defaulted, judgment was entered in favor of appellant, with post-judgment interest at the federal rate of 3.45%. On appeal, the Supreme Judicial Court of Massachusetts said, "our rule is that the law of the forum [Massachusetts] governs the determination of the rate of post-judgment interest." *Id.* at 1012. (Citations omitted.)

Unlike *Budish*, appellant is here seeking to enforce a Florida judgment filed in Maryland. In the instant case, appellee did not default, an enforcement action was not filed, and a default judgment was not entered.[6]

In sum, as Judge Carr said, the Florida judgment filed in Maryland pursuant to the UEFJA did not become a Maryland judgment.

## II.

MBNA claims in its cross-appeal that the trial court erred in rejecting its request for costs and attorney's fees. Md. Rule 2–626(c) provides:

(c) Costs and Expenses.—If the court enters an order of satisfaction, it shall order the judgment creditor to pay to

---

**5.** The *Weiner* court also noted that the UEFJA is merely a procedural device for implementing the Full Faith and Credit Clause of the United States Constitution.

**6.** The *Budish* court noted in dicta that one against whom a foreign court has entered a monetary judgment can avoid payment of a higher post judgment interest rate by promptly satisfying the judgment. That is precisely what occurred here. MBNA satisfied the Florida judgment within eight days of its being entered. *See Budish,* 631 N.E.2d at 1012.

the judgment debtor the costs and expenses incurred in obtaining the order, including the reasonable attorney's fees, *unless the court finds that the judgment creditor had a justifiable reason for not complying with the requirements set forth in section (a)....* (Emphasis added).

Although in rejecting appellee/cross-appellant's request for costs and attorney's fees, the trial court noted the paucity of cases interpreting the UEFJA, appellee/cross-appellant believes its request for costs and attorney's fees is a question of law, subject to a lesser standard of review. We disagree.

In *People's Counsel for Baltimore County v. Mangione,* 85 Md.App. 738, 584 A.2d 1318 (1991), we said:

> While the 'clearly erroneous' standard applies to the court's findings of fact, the 'abuse of discretion' standard applies to the court's determinations of legal questions or conclusions of law based upon its findings of fact. We will not interfere with such determinations without a clear showing of abuse of that discretion.

*Id.* at 744, 584 A.2d 1318. (citing *Davis v. Davis,* 280 Md. 119, 124–25, 372 A.2d 231 (1977)).

Rule 2–626(c) affords a trial judge discretion to determine whether a "judgment creditor has a justifiable reason for not complying with the requirements set forth in section (a)." We believe the trial court's denial of cross-appellee's request for costs and attorney's fees was based upon its conclusion that MSP's claim for post-judgment interest at the Maryland rate of 10% was justifiable and made in good faith. As Judge Carr stated: "[t]here is little Maryland law on point as to these issues, [sic] however, this Court will exercise its discretion to decline to assess Mike Smith Pontiac costs and attorneys' fees." Thus, the trial court neither erred nor abused its discretion in rejecting cross-appellant's request for costs and attorney's fees.

**JUDGMENTS AFFIRMED.**

**COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.**