*235
 
 DAVIS, Judge.
 

 *198
 
 Jerry A. Hailey ("Defendant") appeals from an order denying his motion for relief from a foreign judgment that Tropic Leisure Corp. and Magens
 
 [1]
 
 Point, Inc., d/b/a Magens Point Resort (collectively "Plaintiffs") sought to enforce in North Carolina. On appeal, Defendant argues that the foreign judgment should not be enforced because it was rendered in violation of his due process rights. After careful review, we affirm.
 

 Factual Background
 

 On 2 April 2014, Plaintiffs, who are corporations organized under the laws of the United States Virgin Islands (the "Virgin Islands"), obtained
 
 *199
 
 a default judgment (the "Judgment") in the small claims division of the Virgin Islands Superior Court against Defendant, who is a resident of North Carolina, in the amount of $5,764.00 plus interest and costs. Defendant did not appeal the default judgment. On 17 February 2015, Plaintiffs filed a Notice of Filing Foreign Judgment in Wake County District Court along with a copy of the Judgment and a supporting affidavit.
 

 Defendant filed a motion for relief from foreign judgment on 6 April 2015 in which he argued that the Judgment was not entitled to full faith and credit in North Carolina because it was obtained in violation of his constitutional rights and was against North Carolina public policy. Plaintiffs subsequently filed a motion to enforce the foreign judgment.
 

 The parties' motions were heard before the Honorable Debra Sasser on 30 July 2015. On 10 September 2015, the trial court entered an order denying Defendant's motion for relief and concluding that Plaintiffs were entitled to enforcement of the Judgment under the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1, and North Carolina's Uniform Enforcement of Foreign Judgments Act ("UEFJA"), N.C. Gen. Stat. §§ 1C-1701
 
 et seq
 
 . Defendant filed a timely notice of appeal.
 

 Analysis
 

 On appeal, Defendant argues that the trial court erred in extending full faith and credit to the Judgment. This issue involves a question of law, which we review
 
 de novo
 
 .
 
 See
 

 DOCRX, Inc. v. EMI Servs. of N.C., LLC
 
 ,
 
 367 N.C. 371
 
 , 375,
 
 758 S.E.2d 390
 
 , 393 (applying
 
 de novo
 
 review to whether Full Faith and Credit Clause required North Carolina to enforce foreign judgment),
 
 cert. denied
 
 , --- U.S. ----,
 
 135 S.Ct. 678
 
 ,
 
 190 L.Ed.2d 390
 
 (2014).
 

 The Full Faith and Credit Clause "requires that the judgment of the court of one state must be given the same effect in a sister state that it has in the state where it was rendered."
 
 [2]
 

 State of New York v. Paugh
 
 ,
 
 135 N.C.App. 434
 
 , 439,
 
 521 S.E.2d 475
 
 , 478 (1999) (citation omitted). "[B]ecause a foreign state's judgment is entitled to only the same validity and effect in a sister state as it had in the rendering state, the foreign
 
 *200
 
 judgment must satisfy the requisites of a valid judgment under the laws of the rendering state before it will be afforded full faith and credit."
 
 Bell Atl. Tricon Leasing Corp. v. Johnnie's Garbage Serv., Inc.
 
 ,
 
 113 N.C.App. 476
 
 , 478-79,
 
 439 S.E.2d 221
 
 , 223
 
 , disc review denied
 
 ,
 
 336 N.C. 314
 
 ,
 
 445 S.E.2d 392
 
 (1994).
 

 The UEFJA "governs the enforcement of foreign judgments that are entitled to full faith and credit in North Carolina."
 
 Lumbermans Fin., LLC v. Poccia
 
 ,
 
 228 N.C.App. 67
 
 , 70,
 
 743 S.E.2d 677
 
 , 679 (2013) (citation and quotation marks omitted). In order to domesticate a foreign judgment under the UEFJA, a party must file a properly authenticated foreign judgment with the office of the clerk of superior court in any North Carolina county along with an affidavit attesting to the fact that the foreign judgment
 
 *236
 
 is both final and unsatisfied in whole or in part and setting forth the amount remaining to be paid on the judgment.
 
 See
 
 N.C. Gen. Stat. § 1C-1703(a) (2015).
 

 The introduction into evidence of these materials "establishes a presumption that the judgment is entitled to full faith and credit."
 
 Meyer v. Race City Classics, LLC
 
 ,
 
 235 N.C.App. 111
 
 , 114,
 
 761 S.E.2d 196
 
 , 200,
 
 disc. review denied
 
 ,
 
 367 N.C. 796
 
 ,
 
 766 S.E.2d 624
 
 (2014). The party seeking to defeat enforcement of the foreign judgment must "present evidence to rebut the presumption that the judgment is enforceable...."
 
 Rossi v. Spoloric
 
 , --- N.C.App. ----, ----,
 
 781 S.E.2d 648
 
 , 654 (2016)
 
 .
 
 A properly filed foreign judgment "has the same effect and is subject to the same defenses as a judgment of this State and shall be enforced or satisfied in like manner[.]" N.C. Gen. Stat. § 1C-1703(c). Thus, a judgment debtor may file a motion for relief from the foreign judgment on any "ground for which relief from a judgment of this State would be allowed." N.C. Gen. Stat. § 1C-1705(a) (2015).
 

 Our Supreme Court has held that "the defenses preserved under North Carolina's UEFJA are limited by the Full Faith and Credit Clause to those defenses which are directed to the validity and enforcement of a foreign judgment."
 
 DOCRX
 
 , 367 N.C. at 382,
 
 758 S.E.2d at 397
 
 . In
 
 DOCRX
 
 , the Court provided the following examples of potential defenses to enforcement of a foreign judgment:
 

 that the judgment creditor committed extrinsic fraud, that the rendering state lacked personal or subject matter jurisdiction, that the judgment has been paid, that the parties have entered into an accord and satisfaction, that the judgment debtor's property is exempt from execution, that the judgment is subject to continued modification,
 
 *201
 
 or that the judgment debtor's due process rights have been violated.
 

 Id.
 

 In the present case, Defendant argues that he was denied due process during the Virgin Islands proceeding because the rules governing small claims cases in that jurisdiction do not (1) permit parties to be represented by counsel; or (2) allow for trial by jury.
 

 Some understanding of the structure of the Virgin Islands court system is necessary to our analysis. Congress has created the District Court of the Virgin Islands, which possesses jurisdiction equivalent to that of a United States district court.
 
 See
 

 48 U.S.C. § 1611
 
 ;
 
 Edwards v. HOVENSA, LLC
 
 ,
 
 497 F.3d 355
 
 , 358 (3rd Cir. 2007). In addition, the legislature of the Virgin Islands has established (1) the Virgin Islands Supreme Court, a court of last resort; and (2) the Superior Court of the Virgin Islands, a trial court of local jurisdiction. V.I. Code Ann. tit. 4, § 2.
 

 The Virgin Islands Superior Court contains a small claims division "in which the procedure shall be as informal and summary as is consistent with justice." V.I. Code Ann. tit. 4, § 111. The small claims division has jurisdiction over all civil actions where the amount in controversy does not exceed $10,000.00. V.I. Code Ann. tit. 4, § 112(a). Neither party in a proceeding before the small claims court may appear through an attorney. V.I. Code Ann. tit. 4, § 112(d). Parties must appear in person, although a party who is not a natural person may send a personal representative.
 

 Id.
 

 In addition, small claims cases are heard before a magistrate without a jury.
 
 See
 
 V.I. Super. Ct. R. 64.
 

 A party may appeal a judgment of the small claims division to the Appellate Division of the Superior Court.
 
 See
 

 H & H Avionics, Inc. v. V.I. Port Auth.
 
 ,
 
 52 V.I. 458
 
 , 462-63 (2009) ; V.I. Super. Ct. R. 322.1(a). No additional evidence may be taken in the Appellate Division. V.I. Super. Ct. R. 322.3(a). If a party does not agree with the decision of the Appellate Division, it may then appeal to the Virgin Islands Supreme Court.
 
 See
 
 V.I. Code Ann. tit. 4, § 32 ;
 
 H & H Avionics
 
 ,
 
 52 V.I. at 462-63
 
 . Parties are permitted to be represented by counsel on appeal to the Virgin Islands Supreme Court.
 
 [3]
 

 See
 
 V.I. Sup. Ct. R. 4(d).
 

 *237
 
 In the present case, Defendant's failure to appear in the Virgin Islands small claims court to contest Plaintiffs' lawsuit against him resulted in a default judgment. Defendant did not appeal that judgment.
 

 *202
 
 Defendant does not dispute the fact that Plaintiffs complied with the UEFJA by filing a properly authenticated copy of the Judgment and an accompanying affidavit in a North Carolina court. Accordingly, Plaintiffs are entitled to a "presumption that the judgment is entitled to full faith and credit."
 
 Meyer
 
 ,
 
 235 N.C.App. at 114
 
 ,
 
 761 S.E.2d at 200
 
 .
 

 We also note that Defendant does not argue that the Virgin Islands small claims court lacked subject matter jurisdiction or personal jurisdiction in the underlying action. Rather, Defendant's sole argument in this Court is that the Judgment is not entitled to full faith and credit because he was deprived of his right to due process by the rules of the rendering jurisdiction's small claims court, which did not allow the parties to appear through counsel or provide for trial by jury.
 
 [4]
 

 However, Defendant failed to raise these due process concerns in the Virgin Islands proceedings, and he has not demonstrated that he was in any way prevented from doing so. In fact, caselaw from the Virgin Islands establishes that courts in that jurisdiction are authorized to adjudicate due process challenges concerning matters arising in small claims court.
 
 See, e.g.
 
 ,
 
 Gore v. Tilden
 
 ,
 
 50 V.I. 233
 
 , 239-40 (2008) (due process challenge to adequacy of notice in connection with small claims court default judgment);
 
 Moore v. Walters
 
 , No. SX-09-SM-203,
 
 2013 WL 9570350
 
 , at *3 (V.I. Super. Ct. Sept. 25, 2013) (due process challenge to small claims court evidentiary matter),
 
 aff'd
 
 ,
 
 61 V.I. 502
 
 (2014).
 

 We hold that the UEFJA does not permit Defendant to mount a collateral attack on a foreign judgment based on an argument that he could have raised in the rendering jurisdiction but instead chose to forego until Plaintiffs sought enforcement of the judgment in North Carolina. Allowing Defendant to raise in the present action an issue "that could have and should have been litigated in the rendering court is inconsistent with decisions of the United States Supreme Court holding that judgments that are valid and final in the rendering state are entitled to enforcement in the forum state under the Full Faith and Credit Clause."
 
 DOCRX
 
 , 367 N.C. at 382,
 
 758 S.E.2d at 397
 
 .
 

 *203
 
 This principle has been recognized by numerous courts.
 
 See, e.g.
 
 ,
 
 Wilson v. Wilson
 
 ,
 
 667 F.2d 497
 
 , 498 (5th Cir.) (Full Faith and Credit Clause and doctrine of
 
 res judicata
 
 required enforcement of out-of-state judgment because party seeking to defeat enforcement "could have appealed or raised the points he now makes" yet failed to do so in the rendering jurisdiction),
 
 cert denied
 
 ,
 
 458 U.S. 1107
 
 ,
 
 102 S.Ct. 3485
 
 ,
 
 73 L.Ed.2d 1368
 
 (1982) ;
 
 Dawson v. Duncan
 
 ,
 
 144 Ill.App.3d 532
 
 , 537,
 
 98 Ill.Dec. 778
 
 , 781,
 
 494 N.E.2d 900
 
 , 903 (1986) (under Uniform Enforcement of Foreign Judgments Act, a "judgment debtor may defend against a foreign judgment sought to be enforced in this State, but not on grounds which could have been presented to the foreign court in which the judgment was rendered");
 
 Osteoimplant Tech., Inc. v. Rathe Prods., Inc
 
 .,
 
 107 Md.App. 114
 
 , 118,
 
 666 A.2d 1310
 
 , 1311-12 (1995) ("To permit appellant to reopen litigation in Maryland and address issues that were or could have been addressed in the previous forum would effectively subject appellee to trying its case over again.");
 
 Duncan v. Seay
 
 ,
 
 553 P.2d 492
 
 , 494 (Okla. 1976) (because litigant seeking to defeat enforcement of out-of-state custody judgment "could have litigated [service and personal jurisdiction] questions there, but he did not choose to do so ... [h]e should not be rewarded for fleeing the jurisdiction instead of remaining and contesting the issues in a manner provided by law").
 

 Here, Defendant did not appear in the Virgin Islands small claims court at all-either to defend Plaintiffs' claims against him on the merits or to assert a due process
 
 *238
 
 challenge to the rules prohibiting him from being represented by counsel or having a trial by jury. Nor did he raise his due process argument in appeals to the Appellate Division of the Superior Court or to the Virgin Islands Supreme Court. Accordingly, he is foreclosed from raising such an argument for the first time here as a defense under the UEFJA.
 

 Conclusion
 

 For the reasons stated above, we affirm the trial court's 10 September 2015 order.
 

 AFFIRMED.
 

 Judges ELMORE and DIETZ concur.
 

 [1]
 

 While this entity's name appears as "Magen Point, Inc." in the trial court's order, it is referred to elsewhere in the record as "Magens Point, Inc."
 

 [2]
 

 The Full Faith and Credit Clause applies to the Virgin Islands because it is a territory of the United States.
 
 See
 

 48 U.S.C. § 1541
 
 (designating the Virgin Islands as a territory);
 
 28 U.S.C. § 1738
 
 (applying Full Faith and Credit Clause to judgments filed "in every court within the United States and its Territories and Possessions");
 
 see also
 

 Bergen v. Bergen
 
 ,
 
 439 F.2d 1008
 
 , 1013 (3rd Cir. 1971) (holding that the Full Faith and Credit Clause "is applicable to judgments of the Territory of the Virgin Islands").
 

 [3]
 

 It is unclear whether parties may appear through counsel in the Appellate Division of the Superior Court.
 
 See
 

 Wild Orchid Floral & Event Design v. Banco Popular de Puerto Rico
 
 ,
 
 62 V.I. 240
 
 , 249 (V.I. Super. Ct. 2015).
 

 [4]
 

 The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that no state may "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Congress has applied this rule to the Virgin Islands by statute.
 
 See
 

 48 U.S.C. § 1561
 
 ("No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law....").