## L. LITTLEJOHN & CO., Inc., v. UNITED STATES.

District Court, S. D. New York.
Sept. 29, 1922.

HOUGH, Circuit Judge.

I have drawn an order which is almost self-explanatory, yet I may state my reasons for so doing.

The amended libel seeks by positive averment to put the United States out of court so far as sovereign immunity is concerned.

Nevertheless the United States comes in by this suggestion and asserts an immunity which rests either upon ownership of the Antigone or possession, control, and operation thereof.

Nowhere does the suggestion use the words "lawful ownership," or property or possession; but it is of course assumed that any unqualified assertion of ownership or the like is an allegation of *lawful* ownership, etc.

Every variant of this allegation is categorically denied by the traverse or answer.

The court may entertain the belief (I do) that it is almost matter of public knowledge as to just how this vessel came into the possession of the United States, what had been done with her, and for what she was being used when in collision with the Gaelic Prince.

The court may believe (as I do) that the single and ultimate question here is whether vessels with the Neckar-Antigone's history could be said to be within the meaning of the law vessels belonging to the United States or public vessels of the United States.

But I am not authorized to take judicial cognizance of this matter, and I am persuaded that the documents and affidavits submitted on the suggestion-hearing do not and cannot tell the whole story. I should want to know what the United States had done to the vessel, whether it had been rebuilt and reconditioned, how it was manned, and especially what, if any, steps had been taken by the original private German owner to maintain or reassert any claim of ownership in the original Neckar. In short, I do not think that a sufficient groundwork is laid for the argument made at bar.

The practice of making suggestions like this has undoubtedly grown. It seems to me it is bad practice. In this action in personam the same issues could (and I think should) have been raised by an answer containing exceptions, or rather exceptive allegations; then a preferential trial could have been asked on the exceptive allegations relating to jurisdiction.

The best analogy to such a thing as this "suggestion" on the instant side is the trial of a claim. That is to say, it is old practice that a person proffering a claim to a vessel in rem may be called upon in limine to thresh out his right to claim. So here the United States must first thresh out its right to be dismissed without trial; and I have endeavored to frame an order which will produce a record upon which, if decision is given for the government, appeals can safely be made.