Scottie BOSTIC, Sr., Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
Defendant.

Civ. A. No. 94–0199–B.

United States District Court,
W.D. Virginia
Big Stone Gap Division.

Oct. 28, 1994.

Carl E. McAfee, McAfee, Bledsoe & Associates, P.C., Norton, VA, for plaintiff Scottie Sam Bostic, Sr.

S. Morris Hadden, James Lucas Humphreys, Hunter, Smith & Davis, Kingsport, TN, for defendant Allstate Ins. Co.

### MEMORANDUM OPINION

WILSON, District Judge.

This is an action by plaintiff, Scottie Bostic, Sr. ("Bostic"), against defendant, Allstate Insurance Company ("Allstate") for breach of a home owner's insurance policy. Bostic is a Virginia resident. Allstate is an Illinois corporation with its principal place of business in that state. As there is more than $50,000 in controversy and diversity of citizenship, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. This is the second action Bostic has brought against Allstate to recover for the loss. The first action was dismissed by the court under Federal Rule of Civil Procedure 12(b)(6). Allstate maintains that the prior dismissal bars this action. The court agrees.

### I.

Bostic initially brought suit to recover under his home owner's policy for fire damage to his home and its contents. Bostic's initial complaint failed to allege that Allstate had breached its contract. Allstate moved to dismiss and requested the court to decide the case on its written submission. Despite prodding, Bostic failed to reply. Because the complaint failed to state a claim upon which relief could be granted, the court dismissed the case pursuant to Rule 12(b)(6). Bostic neither sought leave to amend nor relief from the dismissal pursuant to Rule 60(b). Instead, he filed this action almost two months after the dismissal.

### II.

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981); *Croatan Books, Inc. v. Baliles*, 583 F.Supp. 857 (E.D.Va.1984). Federal law governs the preclusive effects of Bostic's prior federal judgment, *Harnett v. Billman*, 800 F.2d 1308 (4th Cir.1986); *Shoup v. Bell & Howell, Co.*, 872 F.2d 1178 (4th Cir.1989), and under federal law a judgment on the merits precludes another action on the same claim. *Shoup* at 1179. There are essentially three requirements for claim preclusion:

1) The parties must be the same or in privity with the original parties; 2) the claims in the subsequent litigation must be

substantially the same as those in the prior litigation; and 3) the earlier litigation must have resulted in a final judgment on the merits.

*Shoup* at 1179. The court finds that the requirements for claim preclusion have been satisfied. First, the parties are the same. Second, the claim is the same. Bostic is seeking to recover under his Allstate home owner's policy for the same loss. And, third, the earlier litigation resulted in a final judgment on the merits.

Bostic contends that the order of dismissal was not a final appealable order. That contention is belied by the order itself. The order is styled "FINAL ORDER", grants Allstate's Motion to Dismiss, and orders the case stricken from the docket of the court. As such, the order was a final appealable order. *See Cedar Coal Co. v. United Mine Workers of America,* 560 F.2d 1153 (4th Cir. 1977).

Bostic also complains that the court erred in dismissing his earlier claim. His complaint misses the mark. If Allstate's Motion to Dismiss was not well founded, he should have replied to it stating his grounds or he should have requested leave to amend, as leave to amend is freely given. Under Rule 59, Bostic could have moved within ten days for reconsideration. At the hearing on the motion to dismiss that is currently before the court, Bostic's counsel intimated that the order was received but not reviewed. Therefore, perhaps even a motion for relief from the judgment under Rule 60(b)(1) could have been made. Bostic may not, however, attack the validity of the prior judgment by simply filing another law suit. Accordingly, Allstate's Motion to Dismiss will be granted.