736 A.2d 1104

**SEMTEK INTERNATIONAL INCORPORATED**

**v.**

**LOCKHEED MARTIN CORPORATION.**

**No. 1041, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Sept. 7, 1999.

Andrew W. Zepeda (Lurie & Zepeda, Beverly Hills, Marvin Ellin, Ellin & Baker, Baltimore, Walter J. Lack, Steven C. Shuman, Engstrom, Lipscomb & Lack, Thomas V. Girardi, James Kropff and Girardi & Keese, Los Angeles, on the brief), for appellant.

Francis B. Burch, Jr. (Anthony L. Meagher, Piper & Marbury, LLP, Baltimore, Robert E. Willett, Richard W. Buckner, Jess B. Frost and O'Melveny & Meyers, LLP, Los Angeles, on the brief), for appellee.

Argued before MOYLAN, ADKINS and THEODORE R. BLOOM (Ret., Specially Assigned), JJ.

MOYLAN, Judge.

Semtek International Corp. ("Semtek"), the appellant, challenges an Order issued by Judge Joseph H.H. Kaplan in the Circuit Court for Baltimore City, whereby Semtek's Complaint against Lockheed Martin Corporation ("Lockheed"), the appellee, was dismissed on grounds of *res judicata.* On appeal, Semtek raises the sole issue of whether the trial court erred in dismissing the Complaint. Although Semtek has strained, at least before us if not necessarily before Judge Kaplan, to inject all sorts of peripheral doctrines and issues into the case, the question before us, in essence, is the single issue of

> whether Judge Kaplan was entitled to give preclusive effect to the judgment of a federal district court dismissing Semtek's suit against Lockheed, stating as it did so that the suit was being "dismissed in its entirety on the merits."

### Procedural Background

### A. *California State Suit Removed to Federal District Court on Ground of Diversity :*

On February 26, 1997, Semtek filed a Complaint against Lockheed in the Superior Court for Los Angeles (hereinafter "the California action"), alleging (1) breach of contract, (2) intentional interference with prospective economic advantage,

(3) negligent interference with prospective economic advantage, and (4) civil conspiracy, in relation to Semtek's joint venture with a Russian company for the use of former military satellites for commercial purposes. Lockheed immediately removed the action to the United States District Court for the Central District of California (hereinafter "California District Court") based on diversity of citizenship.

## B. District Court Dismissed Suit and Dismissal Affirmed by Ninth Circuit :

In the California District Court, Lockheed moved to dismiss Semtek's Complaint based on the expiration of California's two-year Statute of Limitations. On May 8, 1997, the California District Court granted Lockheed's motion and dismissed the action with prejudice, holding that the causes of action had accrued in August of 1994, thus making the February 26, 1997 Complaint untimely. Three days later, the following Order was issued:

IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Semtek International Incorporated take nothing on its complaint in this action, that *the action be dismissed in its entirety on the merits* and with prejudice, and that this Judgment be entered forthwith in favor of defendants Lockheed Martin. . . .

(Emphasis supplied).

Semtek appealed that judgment to the United States Court of Appeals for the Ninth Circuit. On February 25, 1999, the Ninth Circuit affirmed the California District Court's dismissal of Semtek's Complaint on Statute of Limitations grounds. *Semtek Internat'l Inc. v. Lockheed Martin Corp.,* No. 97–55840, 1999 WL 97355 (9 th Cir. Feb. 25, 1999).

## C. Refiling of Suit in Maryland State Court:

On July 2, 1997, Semtek filed in Maryland another Complaint against Lockheed (hereinafter "the Maryland action"), alleging (1) breach of contract, (2) intentional interference with prospective economic advantage, (3) negligent interference

with prospective economic advantage, and (4) civil conspiracy, based on the same purported joint venture between Semtek and a Russian company regarding the use of military satellites. That suit was filed in the Circuit Court for Baltimore City, making the underlying claim subject to Maryland's three-year Statute of Limitations rather than California's two-year Statute of Limitations.

### D. Failed Injunction Attempt in Original Federal District Court :

In response, Lockheed filed an All Writs Act injunction in the California District Court on July 23, 1997. Lockheed asserted that Semtek was barred from bringing suit in Maryland on the grounds of *res judicata.* Two days later, Lockheed removed the Maryland action to the United States District Court for the District of Maryland (hereinafter "Maryland District Court"), citing the involvement of a federal question as grounds for removal.[1] Specifically, Lockheed maintained that, even though none of Semtek's claims presented a federal question, Lockheed planned to assert the defense of *res judicata* based on the California Federal Court's ruling, thus presenting a federal question for resolution.

Ultimately, the California District Court denied Lockheed's injunctive efforts, holding as follows:

[T]his Court is not convinced that the single action filed by [Semtek] in Maryland rises to the level of vexatious relitigation which would warrant the use of the rather extreme remedy that Lockheed requests. [Semtek] has not filed subsequent actions that are either "numerous" or "patently without merit." The Court does not view this chronology as one in which the Court is justified in summarily precluding [Semtek's] access to the courts. This Court's prior order did not reach the substantive merits of [Semtek's] tort claims. If another proper forum will afford [Semtek] the opportunity to fully litigate the merits of its

---

1. Lockheed could not remove the action based on diversity of citizenship because Lockheed is considered a Maryland citizen.

causes of action, without applying a statutory or *res judicata* bar, the Court does not find it appropriate to bar [Semtek] from proceeding in that forum.

(Citation omitted).

### E. Removal From Local Federal District Court to Maryland State Court:

After the California District Court's ruling, Lockheed filed a Motion to Dismiss the Maryland action in the Maryland District Court on grounds of *res judicata.* Semtek, on the other hand, sought to have the Maryland District Court remand the action to the Circuit Court for Baltimore City, alleging lack of subject matter jurisdiction in the Maryland District Court. On December 31, 1997, the Maryland District Court granted Semtek's motion to remand the case to the circuit court on the ground that federal removal could not be predicated on an alleged federal affirmative defense. *Semtek Internat'l, Inc. v. Lockheed Martin Corp.*, 988 F.Supp. 913 (D.Md.1997). The Maryland District Court did not rule on Lockheed's Motion to Dismiss.

### The *Res Judicata* Ruling

Thereafter, Lockheed filed another Motion to Dismiss in the Circuit Court for Baltimore City, again asserting that the suit was barred by *res judicata.* A hearing was held on April 23, and on April 30, 1998, the trial court granted Lockheed's Motion to Dismiss. The thorough and well-researched opinion of Judge Kaplan explained:

> The central issue that this court has been asked to consider is the preclusive effect of a federal dismissal on a subsequent identical state court action. . . . Pursuant to the clear language of the Federal Rules of Civil Procedure and federal preclusion law, federal law determines the preclusive effect of a prior federal judgment.

> \* \* \*

> *The Court is convinced* that Federal Rule of Civil Procedure 41(b), Fourth, Fifth, Ninth Circuit case law and the

*Andes* [*v. Paden, Welch, Martin & Albano,* 897 S.W.2d 19 (Mo.App.1995)] holdings mandate this Court *to find the judgment of the District Court for the Central District of California,* dismissing Semtek's claims on statute of limitations grounds, *a final judgment on the merits, and therefore prohibits Semtek from relitigating these claims in Maryland due to res judicata.* Federal law does not permit [Semtek] to shop indefinitely for a forum that will give credence to their arguments. [Semtek] had its day in Court for this action and apparently was not satisfied with [the California District Court's] decision. Semtek could have originally filed this suit in Maryland state court, but instead filed this action in California. Thus, Semtek should be bound by California's two year statute of limitations and [the California District Court's] decision dismissing the action. Lockheed should not be forced to follow [Semtek] from state to state to defend an action previously decided in another jurisdiction. Accordingly, the Court agrees with Lockheed in that the fairest and most efficient use of federal and state judicial resources mandates that this Court grant Lockheed's Motion to Dismiss Semtek's Maryland Complaint with prejudice.

(Emphasis supplied). This timely appeal followed.

The propriety of Judge Kaplan's dismissal of Semtek's suit on the ground on *res judicata* is the sole issue before us on this appeal.

## Preclusive Effect of Federal Judgment
## Determined by Federal Law

Semtek argues that our analysis of whether the Maryland action is barred on *res judicata* grounds should be dictated by California state law and that Judge Kaplan erroneously applied federal law when making his determination. We disagree.

In *Kent County Bd. of Ed. v. Bilbrough,* 309 Md. 487, 494, 525 A.2d 232 (1987), the Court of Appeals unambiguously

stated that "[f]ederal law determines the effects under the rules of *res judicata* of a judgment of a federal court," quoting with approval Restatement(Second) of Judgments, § 87 (1982). *See also Douglas v. First Security Federal Savings Bank, Inc.,* 101 Md.App. 170, 179, 643 A.2d 920 (1994). The case law is well settled that it is federal law that determines the preclusive effect of a federal judgment. *Brooks v. Arlington Hosp. Ass'n,* 850 F.2d 191, 195 (4 th Cir.1988); *Agrilectric Power Partners, Ltd. v. General Electric Co.,* 20 F.3d 663, 664–65 (5 th Cir.1994); *Luxford v. Dalkon Shield Claimants Trust,* 978 F.Supp. 221, 223 n. 6 (D.Md.1997); *Green v. Kadilac Mort. Bankers, Ltd.,* 936 F.Supp. 108, 114 (S.D.N.Y. 1996); *Bostic v. Allstate Ins. Co.,* 866 F.Supp. 959, 959 (W.D.Va.1994).

After quoting from *Kent County Bd. of Educ. v. Bilbrough,* Judge Kaplan ruled that federal law would determine the preclusive effect in Maryland of the May 8, 1997 judgment of the California District Court:

> Accordingly, because Semtek does not deny that the United States District Court for the Central District of California dismissed every claim contained in Semtek's current Maryland complaint with prejudice on statute of limitations grounds, federal law must be employed to determine the preclusive effect of this prior federal court judgement.

### Federal Rule of Civil Procedure 41(b)

The applicable federal law to which Judge Kaplan then turned in his Memorandum Opinion was Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*

(Emphasis supplied). In applying Federal Rule 41(b) to the case at hand, Judge Kaplan further ruled:

The plain language of the rule requires that the dismissal of the Plaintiff's California action be deemed an adjudication on the merits and warrants dismissal of Semtek's duplicative Maryland complaint with prejudice.

The prior decision that Judge Kaplan afforded preclusive effect was the May 8, 1997 judgment of the California federal district court. That judgment, by its express language, dismissed Semtek's suit **IN ITS ENTIRETY ON THE MERITS AND WITH PREJUDICE.** In the immediate wake of that judgment, Semtek did not seek to alter, amend, or revise the wording of the judgment in any way. Semtek appealed the merits of the decision to the Ninth Circuit. On February 25, 1999, the Ninth Circuit affirmed, on the merits, the District Court's dismissal of Semtek's complaint. The Ninth Circuit opinion volunteered no adverse comment on the wording of the dismissal order.

### The Federal Court's Subsequent Reference To Its Earlier Judgment

In an effort to fend off the preclusive effect of the May 8, 1997 judgment, Semtek argues that the same federal district court that issued the May 8, 1997 dismissal order has, in effect, subsequently and significantly ameliorated that order. Judge Kaplan did not accept that argument nor do we.

After Semtek had refiled its suit in the Circuit Court for Baltimore city, one of the defensive maneuvers of Lockheed was to go back to the federal district court in California and to move, on July 23, 1997, for an All Writs Act injunction seeking to bar Semtek from bringing the action in Maryland on the grounds of *res judicata.* On August 11, 1997, United States District Court judge Audrey B. Collins, the same judge who had issued the earlier order of May 8, 1997, denied Lockheed's request for an injunction. In her 14–page Opinion and Order Judge Collins pointed out that the decision to issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), is discretionary and is "an extraordinary remedy that should be narrowly tailored and rarely used." *Moy v. United States,* 906

F.2d 467, 470 (9th Cir.1990). Judge Collins concluded that "because the resolution of the *res judicata* issue is far from obvious, the Court declines to determine the issue." She reasoned that the preclusive effect of the earlier action "is properly left to the Maryland state or district court." She expressly stated that "Lockheed's argument that the doctrine of *res judicata* bars the Maryland case may be brought before the proper court in a motion to dismiss or motion for summary judgment based on *res judicata* preclusion."

In passing, Judge Collins observed, "This Court's prior order did not reach the substantive merits of Plaintiff's tort claims. If another proper forum will afford Plaintiff the opportunity to fully litigate the merits of its cause of action, without applying a statutory or *res judicata* bar, the Court does not find it appropriate to bar plaintiff from proceeding in that forum." That first quoted sentence is the language on which Semtek now relies for its proposition that the judgment of May 8, 1997, has now been effectively altered.

### The Inconsequentiality of *Dicta*

Judge Collins, however, also stated very emphatically that

the Court must reiterate that these issues are properly decided by the proper court in Maryland, and *any dicta or other discussion within this opinion should not be cited or argued as persuasive authority for the Maryland courts' consideration of the issues of removal jurisdiction and res judicata preclusion.*

(Emphasis supplied).

Judge Kaplan rejected Semtek's argument and abided by Judge Collin's wishes with respect to the non-persuasive status of her passing comments.

Semtek argues that Rule 41(b) should not be applied because the United States District Court for the Central District of California's order denying Lockheed's request for a permanent injunction states that the court had not reached the "substantive merits" of Semtek's claims.

Plaintiff's argument is flawed for several reasons. First and foremost, neither party stated an objection to the Order signed by Judge Collins dismissing the United States District Court for the Central District of California action, in its entirety on the merits and with prejudice. This Order states that, "IT IS ORDERED, ADJUDGED AND DE-CREED, that Plaintiff Semtek International Incorporated take nothing on its complaint in this action, that the action can be dismissed in its entirety on the merits and with prejudice, and that the judgment be entered forthwith in favor of the defendants...." Secondly, Judge Collins explicitly stated in footnote 13 of her opinion that ... "the Court must reiterate that these issues are properly decided by the proper court in Maryland, and any dicta or other discussion within this opinion should not be cited or argued persuasive authority for the Maryland courts' consideration of ... *res judicata* preclusion." Furthermore, the District Court expressly requested that the parties not cite any dicta contained in that order.

█ Self-evidently, Judge Kaplan was as free to disregard Judge Collins's characterization of her earlier order in the course of later *dicta*, indeed to disregard her characterization at her express direction, as he would have been free to disregard a similar characterization attributed to her in the course of cocktail party conversation. We see no error.

### The Effort to Amend the Federal Judgment

The very argument in this regard that Semtek now makes was also made to both the Ninth Circuit and the federal district court in California. Early in the pendency of Semtek's appeal of Judge Kaplan's decision to this Court, Semtek sought to have the federal district court amend its judgment of May 8, 1997 in order to correct the allegedly "clerical" mistake of seeming to have dismissed Semtek's suit "with prejudice and on the merits" and to "clarify" the May 8, 1997 judgment by deleting any reference to its having been "on the merits."

The memoranda in support of both 1) Semtek's motion in the Ninth Circuit, filed on October 5, 1998, and 2) Semtek's motion in the federal district court, filed October 19, 1998, recite at length 1) Judge Kaplan's decision in the Circuit Court for Baltimore City to dismiss Semtek's suit on the ground of *res judicata*, 2) Judge Kaplan's reliance on the fact that the May 8, 1997 federal district court judgment stated that it was "on the merits," and 3) Judge Collins's later characterization of her May 8, 1997 judgment. With full knowledge of all the facts and of the impact of those facts, both the Ninth Circuit and the federal district court, albeit on procedural grounds, denied Semtek's motions "to amend," "to correct," or "to clarify" the judgment of May 8, 1997. That judgment is today exactly as it was on May 8, 1997. "The moving finger writes and, having writ, moves on."

## Judge Kaplan's Further Analysis

Quite aside from *Kent County Board of Education v. Bilbrough* and Federal Rule of Civil Procedure 41(b), Judge Kaplan found independent support for his decision in the dispositive cases of *Shoup v. Bell & Howell,* 872 F.2d 1178 (4 th Cir.1989) and *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 870 F.2d 1044, *reh'g denied en banc,* 880 F.2d 818 (5 th Cir.1989). While he "recognize[d] that Fourth Circuit and Fifth Circuit cases are not binding on Maryland State Courts," he nonetheless concluded that they "provide sufficient persuasive authority on the proper application of federal preclusion principles governing the resolution of this Motion."

### Shoup v. Bell & Howell

Although *Shoup* and *Thompson Trucking* are, to be sure, not binding on Maryland courts, we, like Judge Kaplan, find them to be highly persuasive authority. In *Shoup,* as in this case, suit was originally brought in a state court, in that case in Pennsylvania. In that case, as in this, the suit was removed to the federal district court on the basis of diversity of citizenship. In that case, as in this, the defendant moved to have the suit dismissed because the state statute of limitations

had run before the suit was originally filed in the state court. The Pennsylvania statute of limitations in that case, as the California statute of limitations in this case, was two years. In that case, as in this, the federal district court dismissed the suit because the underlying state statute of limitations had run.

In that case, as in this, the plaintiff refiled essentially the same suit in the Circuit Court for Baltimore City in an obvious effort to take advantage of Maryland's more generous three-year statute of limitations. In that case, unlike this one, the case was again moved to federal district court on the basis of diversity of citizenship.[2] In that case, as in this, the defendant moved to have the subsequently filed suit dismissed on the ground of *res judicata.*

Whereas in this case Judge Kaplan granted the defendant's *res judicata* motion, in that case Judge Walter E. Black, Jr. denied that defendant's *res judicata* motion. Whereas the unsuccessful defendant there appealed to the United States Court of Appeals for the Fourth Circuit, the unsuccessful plaintiff here has appealed to us. The Fourth Circuit was then, as we are now, faced with the preclusive effect of an earlier federal dismissal of a diversity case as time-barred on a subsequent refiling of essentially the same action in a new forum. The only difference between the *Shoup* case and the case now before us is that the new forum in that case was a second federal court whereas the new forum in this case was a Maryland state court.

In the *Shoup* case, as in this case, the earlier judgment that was urged as one having preclusive effect was the judgment of a federal district court, in that case sitting in Pennsylvania as in this case sitting in California. Before stating the question there, which is almost precisely the same as the question here, the *Shoup* opinion held that federal law determines the preclusive effect of an earlier federal judgment:

---

2. It was there consolidated with an identical suit that had simultaneously been filed in the United States District Court for the District of Maryland.

We note at the outset that *federal, not state, law determines the preclusive effect of a prior federal judgment, including the question of whether that judgment was on the merits.* It is true that plaintiff filed her Maryland lawsuit within that state's three-year limitations period for personal injury actions. That fact, however, does not determine whether an earlier identical action between the parties, found to be time barred because it was not filed within Pennsylvania's two year statute of limitations, precluded the plaintiffs from bringing the Maryland lawsuit.

872 F.2d at 1179 (citations omitted; emphasis supplied).

■ At the District Court level in *Shoup,* Judge Black had ruled, essentially as Semtek argues here, that "Maryland law regards the Pennsylvania [California] statute of limitations as procedural," 872 F.2d at 1179, and, therefore, as no bar to a subsequent suit in a Maryland Court "where the Pennsylvania [California] statute is inapplicable." *Id.* The Fourth Circuit opinion disagreed, reasoning that it is the federal judgment itself that is the critical point for measuring possibly preclusive effect and not some more anterior and peripheral state law that may have been considered in arriving at the federal judgment. *Shoup* also pointed out that whatever preclusive effect an earlier federal judgment may have is not diminished because it was rendered in a diversity case: [3]

---

**3.** The case law is well settled that the preclusive effect of a federal judgment is not in any way diluted because the federal case happens to be a diversity of citizenship case and that this principle is not in any way in conflict with the so-called *"Erie* Doctrine" established by *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *PRC Harris v. Boeing Co.,* 700 F.2d 894, 897, n. 1 (2nd Cir.1983), the Second Circuit observed:

Harris asserts that application of Rule 41(b) to dismissals on statute of limitations grounds in a diversity case would raise potential constitutional problems under the "Erie doctrine"... because it would have the effect of abrogating state substantive law. This court explicitly considered and rejected such a claim in *Kern v. Hettinger,* noting that while state law controlled the rights and obligations of the parties, determining the res judicata effect that will be given the judgment of a federal court is distinctively a matter of federal law. (Citations omitted).

While state law certainly controls the rights and duties of the parties in a federal action founded upon diversity of citizenship, *Erie R. Co. v. Tompkins* (1938), this circuit has recognized that *"whether a federal court sits in diversity or has some other basis of jurisdiction, questions of the effect and scope of its judgment involve the power of the federal tribunal itself, and are not varied merely because state rules of decision underlie the judgment." The judgment of a federal court is no less a federal judgment because it was rendered in diversity. "Federal law determines the effects under the rules of res judicata of a judgment of a federal court,"* Restatement (Second) of Judgments § 87 (1982), just as in a state court the law of the state in which the judgment was rendered determines the preclusive effect a federal court must give the judgment. Any other result would consign the effect of federal judgments to the uncertainties of state law in whatever jurisdiction a subsequent suit happened to be brought.

872 F.2d at 1179–80 (citations omitted; emphasis supplied).

### Full Faith and Credit:
### To Whom and To What?

The misconception the *Shoup* opinion was attempting to overcome is the fundamental flaw that permeates Semtek's argument in this case. Semtek stubbornly continues to ignore

---

In *Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir.1962), the Second Circuit also pointed out:

> One of the strongest policies a court can have is that of determining the scope of its own judgments. It would be destructive of the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity. The rights and obligations of the parties are fixed by state law. These may be created, modified and enforced by the state acting through its own judicial establishment. But we think it would be strange doctrine to allow a state to nullify the judgments of federal courts constitutionally established and given power also to enforce state created rights. The Erie doctrine is not applicable here.

(Citations omitted). *See also Cemer v. Marathon Oil Co.*, 583 F.2d 830, 831 (6th Cir.1978).

the **May 8, 1997 judgment** of the federal district court as the source of preclusion in this case and to try to look behind it to anterior California state law. There was no California state judgment in this case. Although the federal district court may have considered some underlying California state law, the federal judgment did not thereby become a California state judgment nor lose its status as a federal judgment.

Semtek nonetheless persistently argues as if there existed some ethereal and transcendent California state judgment to which Maryland should now extend "full faith and credit" under Article IV, § 1 of the United States Constitution. It has confected an incorporeal version of the "full faith and credit" doctrine, by which full faith and credit should be extended to a hypothetical judicial proceeding in California that never occurred. Semtek wants Maryland to extend full faith and credit to what, in Semtek's opinion, a California state court **WOULD HAVE DONE, HAD THE SUIT ACTUALLY BEEN TRIED** in a California state court, which it was not. Article IV, § 1, however, concerns actual "Judicial Proceedings" in another jurisdiction and not hypotheticals. Except for narrative purposes, the State of California and the state law of California do not figure into the preclusion issue now before us.

It is in this regard that Semtek reads into the opinion of this Court in *Osteoimplant Technology v. Rathe Productions,* 107 Md.App. 114, 666 A.2d 1310 (1995), a meaning that we never intended to convey. In *Osteoimplant* a judgment was rendered against a defendant in the United States District Court for the Southern District of New York. The judgment was subsequently recorded in the Circuit Court for Baltimore County so that garnishment proceedings could be initiated against the judgment-debtor. In that court, however, the judgment-debtor "filed a motion to vacate the New York federal court judgment." 107 Md.App. at 117, 666 A.2d 1310. Our holding in *Osteoimplant* was that, as a general rule, "the judgment is only subject to reopening in the court which rendered" it. 107 Md.App. at 117–18, 666 A.2d 1310.

▬▬▬▬▬▬▬▬
▬▬▬▬▬

Prior to entering into an analysis of the actual issue in that case, an issue not here pertinent, we prefaced that analysis with a brief one-paragraph preamble to signal that we were about to deal with the general subject of full faith and credit:

Our analysis begins with Article IV, § 1 of the United States Constitution, which mandates that States give "full faith and credit" to each others' acts, records, and judicial proceedings. The United States Congress has prescribed, as authorized under the Full Faith and Credit Clause, the manner in which the Clause is to be given effect. 28 U.S.C. § 1738 (1988). Our courts are required to give full faith and credit to a judgment of a Federal court located in another state as a judgment issued by a State court within whose jurisdiction that Federal court is located. *Hancock Nat'l Bank v. Farnum*, 176 U.S. 640, 645, 20 S.Ct. 506, 508–09, 44 L.Ed. 619 (1900).

107 Md.App. at 119, 666 A.2d 1310.

Our purpose, we thought, was clear. Our first sentence referred to the obvious starting point of the Full Faith and Credit Clause of the United States Constitution. That constitutional provision, however, only expressly mandates full faith and credit among the states and not between the states and the federal government. In *Osteoimplant*, however, we were dealing with a judgment from a federal court and some further explanation was therefore required as to why full faith and credit was due to it.

Our second sentence made reference to the statutory Full Faith and Credit Act, now codified as 28 U.S.C. § 1738, as an extension of the full faith and credit principle to the relationship between the federal courts and the state courts. Reference in that preamble was also made to the Supreme Court decision of *Hancock National Bank v. Farnum*, 176 U.S. 640, 20 S.Ct. 506, 44 L.Ed. 619 (1900), which elaborated on full faith and credit between the states and the federal courts.

Having thus established our major premise and our minor premise, our completion of the syllogism with a statement of the obvious conclusion should have been clear: Maryland

courts will give full faith and credit to a judgment of a federal court sitting in another state as surely as they will give full faith and credit to a judgment of the state court itself. With that preamble thus having established the context, we went on to discuss the full faith and credit that was due in that case to the United States District Court for the Southern District of New York. *And see Mike Smith Pontiac, GMC, Inc. v. Mercedes–Benz of North America,* 123 Md.App. 498, 503, 719 A.2d 993 (1998).

Our conclusion, in that preamble, that we would treat the judgment of a federal court sitting in another state just as we would treat a judgment of the state court itself, to wit, with equal deference, was by no means a statement that we would treat the federal judgment **AS IF IT WERE** a judgment of the state court. Such an issue was not remotely before us in *Osteoimplant* and the proposition for which Semtek cites *Osteoimplant* never crossed our minds.

In retrospect, it might have been more artful if in our third sentence we had said "just as to" a judgment issued by a state court instead of "as" a judgment issued by a state court, but in its unmistakable context that meaning should have been clear. Appellate opinions are not chiseled in marble and the inadvertent difference between "as" and "just as to," unsupported by any other indication, simply will not hold the weight that Semtek seeks to place upon it. To refer, moreover, to this incidental and possibly slack phrasing as the "holding" of *Osteoimplant* is deliberately misleading.

### The *Shoup* Ruling

The *Shoup* opinion went on to point out that, contrary to Judge Black's ruling in the District Court, Federal Rule of Civil Procedure 41(b) articulates the federal preclusion principle that a dismissal on statute of limitations grounds constitutes an adjudication on the merits:

> The plain language of the Rule indicates that the dismissal of plaintiffs' Pennsylvania action on statute of limitations grounds is an adjudication on the merits. The federal court in Pennsylvania did not otherwise specify the

dismissal to be "without prejudice," and the Shoups failed to move the court, pursuant to Fed.R.Civ.P. 59(e) or 60(b)(6), to specify that the judgment was "without prejudice." Moreover, the dismissal was not one "for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19," nor was it a dismissal for want of a proper case or controversy, which some courts have held to be within the jurisdictional exception of Fed.R.Civ.P. 41(b).

*Numerous courts have held that a Rule 41(b) limitations dismissal is a judgment on the merits.* In a case analogous to the present one, *PRC Harris [v. Boeing Co.],* 700 F.2d 894 (2d Cir.1983), plaintiffs brought an action in New York state court against Boeing identical to a federal action in Washington dismissed earlier on statute of limitations grounds. That case, like this one, was removed to federal court. The Second Circuit affirmed the judgment of the district court in Boeing's favor, holding that a "dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits . . ." The court added that Rule 41(b) dictates this result because *"all but certain enumerated dismissals will be considered 'on the merits,' and the Rule does not exempt a dismissal on statute of limitations grounds from its general operation."* We find this reasoning compelling.

872 F.2d at 1180 (citations omitted; emphasis supplied).

The reasoning of the *Shoup* opinion, unlike the holding of the *Shoup* opinion, is not limited to situations where the second forum also happens to be a federal forum. The rationale is more general in its energizing logic:

Federal law, however, does not permit a plaintiff to shop indefinitely for favorable statutes of limitations in every state where personal jurisdiction over a defendant might be found. We need not ponder all the factors that may have led plaintiff to file first in a Pennsylvania forum, for we are not at liberty to vary the principles of preclusion to accommodate them. The doctrine of res judicata " 'is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and

substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts.' "

872 F.2d at 1182.

Although the incremental preclusive effect is redundant, the original judgment in our case is actually more foreclosing than was the original judgment in *Shoup*. In that case, the original dismissal of the suit was silent as to whether it was "on the merits" and "with prejudice." Under Civil Rule 41(b), however, it was deemed to be so in the absence of any indication to the contrary. In our case, by contrast, the judgment of the United States District Court was expressly stated to be "on the merits and with prejudice."

### *Thompson Trucking v. Dorsey Trailers*

Equally persuasive, both to Judge Kaplan and to us, is the Fifth Circuit decision of *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, *reh'g denied en banc*, 880 F.2d 818 (5th Cir.1989). In *Thompson Trucking*, as in this case, suit was filed originally in a state court, in that case Louisiana. In that case, as in this, the case was moved to a federal district court on the ground of diversity of citizenship. In that case, as in this, the federal diversity action was dismissed "with prejudice" because the underlying state statute of limitations (the Louisiana one-year statute) had run. In that case, more anticipatorily than in this, a second and duplicative suit had already been filed in the United States District Court for the Southern District of Mississippi before the suit earlier removed to the United States District Court for the Western District of Louisiana had been dismissed. The state of Mississippi had a six-year statute of limitations.

In that case, as in this, the defendants ultimately moved to have the second suit dismissed on the ground of *res judicata*. In that case, unlike in this one, the federal district court in Mississippi denied the motion to dismiss. 677 F.Supp. 478 (S.D.Miss.1988). In an earlier round of litigation in this case, Semtek relied heavily on that federal district court decision.

Holding that the preclusive "effect of a prior federal diversity judgment is controlled by federal rather than state *res judicata* rules," 870 F.2d at 1045, the Fifth Circuit reversed. It posed the question before it as "whether the Louisiana federal district court's dismissal of Thompson's action on prescriptive grounds was a final judgment on the merits for *res judicata* purposes." *Id.* Persuaded by the reasoning of both *Nilsen v. City of Moss Point*, 674 F.2d 379 (5 th Cir.1982), *aff'd on rehearing*, 701 F.2d 556 (1983) (*en banc*) and *Mathis v. Laird*, 457 F.2d 926 (5 th Cir.1972), the Fifth Circuit "determined that the dismissal with prejudice by the Louisiana federal district court of Thompson's claims because they had prescribed was a final judgment on the merits" and that "Thompson's subsequent action filed in Mississippi federal district court is barred under the doctrine of *res judicata*." 870 F.2d at 1046.

A small part of the Fifth Circuit's rationale dealt, to be sure, with the intramural value of *res judicata* within the four corners of the federal system, but the major thrust of the reasoning was of more universal import:

Multiple litigation is costly, both in terms of the expense incurred by a party who must defend against the same claim in different courts as well as the expense resulting from the inefficient use of the federal judicial machinery. Allowing plaintiffs who fail to comply with applicable statutes of limitations to move to the next state over would have the undesirable effect of encouraging forum shopping and rewarding dilatory conduct.

In that regard, if *res judicata* were unavailable in the instant case, the defendants, having once engaged counsel in Louisiana, would be faced with the prospect of again hiring counsel in Mississippi to defend against the same action one more time. Additionally, the prospect of compelling the already overburdened district courts of the United States to hear the same claims over and over again in different states is, in our view, unappealing. If Thompson had elected to do so, he could have filed suit in Mississippi to begin with and thereby availed himself of that state's longer period of

prescription. Thompson chose, however, to file first in Louisiana and accordingly he was responsible for compliance with that state's prescriptive period.

*Id.*

## The Dominant Theme of the Federal Cases

In addition to the Fourth and Fifth Circuits, almost all of the United States courts of appeals that have considered this question have reached the same conclusion, to wit, that the dismissal of a suit by a federal court based on the running of the statute of limitations will, absent a clear directive to the contrary, be deemed a dismissal on the merits that will bar the filing of a subsequent suit on the ground of *res judicata. See Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1164, *cert. denied,* 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1st Cir.1991) ("It is beyond peradventure that the dismissal of a claim as time-barred constitutes a judgment on the merits, entitled to preclusive effect."); *Rose v. Town of Harwich,* 778 F.2d 77, 80 (1st Cir.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986)("[O]ur survey of recent cases suggests a clear trend toward giving claim-preclusive effect to dismissals based on statutes of limitations."); *PRC Harris v. Boeing Co.,* 700 F.2d 894, 896–97, *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (2nd Cir.1983) ("The long-standing rule in this Circuit ... is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice."); *Kern v. Hettinger,* 303 F.2d 333, 339–40 (2nd Cir.1962) ("[I]n view of the unequivocal language of Rule 41(b) and the absence of the words 'without prejudice,' we must and do decide that the dismissal was on the merits and that it was intended to be on the merits."); *Haefner v. County of Lancaster,* 543 F.Supp. 264, 266 (E.D.Pa.1982), *aff'd,* 707 F.2d 1401 (3d Cir.1983)("[D]ismissal of a suit as time-barred establishes a *res judicata* bar."); *Nathan v. Rowan,* 651 F.2d 1223, 1226 (6th Cir.1981) ("A summary judgment on the basis of the defense of statute of limitations is a judgment on the merits."); *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 832 (6th

Cir.1978); *Myers v. Bull,* 599 F.2d 863, 865, *cert. denied,* 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (8 th Cir.1979) (Petitioner's attempt to relitigate claims "barred by the *res judicata* effect of the district court's decision ... that the claims were brought outside the period of the applicable statute of limitations."); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1331 n. 3 (9 th Cir.1981); *Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128–29, *cert. denied,* 502 U.S. 952, 112 S.Ct. 407, 116 L.Ed.2d 355 (10 th Cir.1991)("We therefore agree with the Sixth Circuit and other circuits in holding that a dismissal on limitations grounds is a judgment on the merits.").

Pertinent also is the observation of the Supreme Court in *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328, 348 (1995):

> *The rules of finality,* both statutory and judge made, *treat a dismissal on the statute-of-limitations grounds* the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: *as a judgment on the merits.*

(Emphasis supplied). *See also* 5 J. Moore, *Moore's Federal Practice,* § 41.14 (2d ed.1987).

### The Seventh Circuit: A Minor Counter-theme

The holding of the Seventh Circuit in *Reinke v. Boden,* 45 F.3d 166, *cert. denied,* 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 34 (7 th Cir.1995), is not out of line with the other federal cases listed above, although the tone of the opinion reflects an inclination to confine the preclusive effect of Rule 41(b) to the intramural setting of two successive federal actions.

In the *Reinke* case itself, however, the forum wherein the suit was initially dismissed as time-barred under Minnesota's six-year statute of limitations was not a federal court but a Minnesota state court. The suit was subsequently refiled, as a diversity action, in the federal district court for Northern

Illinois. The defendants there moved to dismiss the suit on the basis of *res judicata.* The issue was what preclusive effect should have been given by the federal district court in Illinois to the earlier dismissal of the suit by a Minnesota state court on the basis of limitations.

■ Art. IV, Sect. 1's "Full Faith and Credit" requirement applies, of course, only to the states and not to the federal courts. The federal statutory counterpart of the full faith and credit clause is 28 U.S.C. § 1738. In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 462–63, 102 S.Ct. 1883, 1887–88, 72 L.Ed.2d 262, 268 (1982), the Supreme Court explained:

> As one of its first acts, Congress directed that all United States courts afford the same full faith and credit to state court judgments that would apply in the State's own courts. Act of May 26, 1790, ch. 11, 1 Stat 122, 28 U.S.C. § 1738.

Pursuant to that statutory full faith and credit provision, the federal district court in Illinois was enjoined to extend to the earlier dismissal of the suit in Minnesota on limitations grounds whatever preclusive effect Minnesota state law indicated the dismissal should enjoy. "28 U.S.C. § 1738 ... 'requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Reinke*, 45 F.3d at 167.

The Seventh Circuit concluded that Minnesota is among the majority of states that treat the limitations defense as "procedural" in nature and of no preclusive effect on subsequent filings in other jurisdictions, state or federal.

> Because Minnesota adheres to this traditional view of the procedural nature of statute of limitations, the Minnesota courts' conclusion that the cause of action is barred by its statute of limitations is, on its face, nothing more than a determination that the action is time-barred in Minnesota. A Minnesota judgment holding that the Minnesota statute

of limitations bars the maintenance of a suit in Minnesota says nothing about whether Illinois will allow the suit. 45 F.3d at 170.

Deferring to the non-preclusive approach of the Minnesota state court in which the judgment of dismissal had been rendered, the Seventh Circuit held that the subsequent diversity action in the federal district court in Illinois was not barred by *res judicata*. The preclusion law of the first forum controlled the *res judicata* ruling of the second forum.

Before the Seventh Circuit, however, the defendants had strongly pushed the argument that Minnesota referred to a limitations dismissal as being "on the merits" and that that linguistic usage, even if in a different context, should somehow "trump" Minnesota's otherwise clear position on the non-preclusive nature of such a dismissal. It was in making that argument that the defendants referred to the whole body of Rule 41(b) case law and it was in deflecting that argument that the Seventh Circuit effectively consigned that whole body of Rule 41(b) case law to its literal intramural context. That whole discussion, however, was simply part of a very tangential argument.[4]

---

**4.** The Seventh Circuit primarily rejected the defendants' argument in this regard by pointing out that Minnesota clearly did not intend for its use of the phrase "judgment on the merits" to have the same preclusive effect that that same phrase has been given within the context of Federal Rule of Civil Procedure 41(b). The *Reinke* opinion described the broader connotation that the defendants sought to attribute to the phrase:

> The district court was of the view that this straightforward analysis was complicated by the fact that Minnesota, as a matter of its internal procedural rules, has termed a dismissal on the ground of statutes of limitations to be a "judgment on the merits." This rule, according to the district court's analysis, trumps Minnesota's frank and explicit acknowledgment that statute of limitations matters are procedural and that a forum ought to use its own procedure.

45 F.3d at 170.

The Seventh Circuit then pointed out that the Minnesota Court of Appeals obviously did not intend for the phrase to be given so sweeping a preclusive effect:

> Although the Minnesota Court of Appeals has noted that a statute of limitations dismissal amounts to a dismissal on the merits, it has not

The square holding of *Reinke* was that the second forum, where *res judicata* is being considered, will defer to the preclusion law of the first forum, where the judgment of dismissal was initially and formally rendered. With respect to the potential impact of the first forum's dismissal of a suit as time-barred on a *res judicata* question in the second forum, it is the first forum that calls the tune. That first forum in *Reinke* was a Minnesota state court, and the second forum was guided by Minnesota state law. The first forum in our case was not, as Semtek would like to hypothesize it, a California state court. It was the United States District for the Central District of California where federal preclusion law, not California preclusion law, prevails.

## Extending the Rule
## Neither Mandated Nor Forbidden

In attempting to deflect the impact of both *Shoup* and *Thompson Trucking,* Semtek several times makes the inaccurate assertion that those cases are "expressly limited" to the intramural situation where the second forum in which preclusion is sought is also a federal forum. Such a statement is flatly wrong. The rule of those cases, to be sure, is not "expressly extended" to a state court as the second forum, but neither is it "expressly limited" to a second federal forum. With respect to the possible extension of their preclusive holdings to a state court, both *Shoup* and *Thompson Trucking* were completely silent. They "expressed" nothing by way of

---

done so in the context of the intersystem situation presented here.... Moreover, in this very case, the state trial court in Minnesota noted that it was "well-settled in our courts that the limitation of time statutes generally are procedural and that the law of the forum is applied." ... In short, the Minnesota courts in this litigation took the view that statutes of limitations are procedural and that each forum ought to apply its own. It is difficult to attribute to such a court the intent to make its statute of limitations decision binding on all other jurisdictions.

45 F.3d at 172 (citation omitted).

further extension or limitation, for such an issue was not remotely before them.

We find, as did Judge Kaplan, that the policy considerations and the logic undergirding those decisions makes it just as reasonable to extend the preclusive effect of an earlier federal judgment on the merits to a state second forum as to a federal second forum. In response to Semtek's effort to emphasize the jurisdictional distinction, Judge Kaplan ruled:

> The Court does not deny the existence of these distinctions. However, *these distinctions are without difference.* The Fourth Circuit's holding in *Shoup* illustrates that the uniform application of federal preclusion law to prior federal judgments is a prerequisite to preserving the integrity of the federal system. *For the purpose of this analysis, it is irrelevant whether Plaintiff decided to file the second action in state or federal court.*

(Emphasis supplied). We affirm that ruling.

### A State Court Looks to Federal Preclusion Law

*Andes v. Paden, Welch, Martin & Albano,* 897 S.W.2d 19 (Mo.App. W.D.1995), was a case in which a state court agreed, relying in significant measure on the opinion of the Fourth Circuit in *Shoup,* that a federal dismissal based on limitations grounds would have preclusive effect on a suit still pending in a state court. In *Andes,* the plaintiff sued the defendants in both the Missouri state court and in the United States District Court for an invasion of privacy involving an illegal wiretap. The suit in federal court was dismissed on the ground that the two-year statute of limitations contained in the Federal Wiretap Act had run. On the basis of that dismissal, the defendants then sought to have the suit in the Missouri state court dismissed on the ground of *res judicata.* Although the legal bases for the two suits were statutorily distinct, the underlying conduct was essentially the same and the two suits were deemed to be on the same cause of action. The trial judge granted the motion to dismiss. The issue before the Missouri Court of Appeals was precisely the issue now before this Court:

In order for a judgment to operate as a bar to subsequent proceedings, the judgments must have been on the merits. Therefore, *the threshold issue presented here is whether the federal dismissal based on the statute of limitations is a judgment "on the merits" for res judicata purposes.*

897 S.W.2d at 21 (emphasis supplied).

The Missouri Court of Appeals looked in some depth at the Fourth Circuit decision in *Shoup* and then catalogued a large number of federal decisions going the same way. Even though the federal decisions were not literally binding on it, the Missouri Court of Appeals was nonetheless persuaded to hold that the federal dismissal would have preclusive effect in the state courts of Missouri:

Therefore, we hold that a federal dismissal based on the expiration of the statute of limitations is "on the merits" and may have preclusive effect on a subsequent action filed in the state courts of Missouri, even though the substantive issues of the case have not been addressed.

897 S.W.2d at 23.

### The *Erie* Doctrine

Semtek's argument based on an alleged violation of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is perplexingly diffuse. Semtek seems to ignore the fact that the present appeal to this Court is from the decision of Judge Joseph H.H. Kaplan in the Circuit Court for Baltimore City and not from the decision of Judge Audrey B. Collins in the United States District Court for the Central District of California.

The *Erie* Doctrine applies, of course, to federal courts and not to state courts. As it, in 1938, overruled the century-old precedent of *Swift v. Tyson,* 41 U.S. 1, 16 Pet. 1, 10 L.Ed. 865 (1842), *Erie* held that in cases initiated in or removed to federal district courts on the basis of diversity of citizenship, the federal court should apply the substantive law of the state wherein the justiciable event took place.

The justiciable event in this case took place in the State of California, and Semtek's suit against Lockheed was originally filed in a California state court. When the suit was subsequently removed to the United States District Court for the Central District of California, that court was, by the *Erie* Doctrine, enjoined to apply the substantive law of the State of California, including the applicable California statute of limitations. We have every reason to believe that the federal district court correctly applied the substantive state law of California.

Semtek's argument to the contrary seems to run as follows: 1) California, like Minnesota in the *Reinke v. Boden* case, treats its statute of limitations as only procedural in nature; 2) California, therefore, treats its dismissals of actions as time-barred as not having any preclusive effect on similar suits filed in other jurisdictions; 3) California considers its *res judicata* or preclusion law as part of its substantive law; and 4) the federal district court, in this diversity case, should have treated its judgment of dismissal as similarly non-preclusive. When Judge Collins ordered, therefore, that the dismissal on limitations grounds be "on the merits and with prejudice," instead of making it clear that the dismissal had no such preclusive effect, she thereby violated the *Erie* Doctrine.

As we shall discuss *infra*, we do not believe that to have been the case. Even if it were, however, Semtek's appeal to this Court is totally inappropriate. If the federal district court judgment was in any way in error, Semtek's remedies were 1) post-trial motions to the federal district court itself, 2) an appeal to the United States District Court for the Ninth District, and 3) a petition for *certiorari* to the Supreme Court of the United States. It is not the job of an intermediate appellate court in Maryland, just as it was not the job of Judge Kaplan in the Circuit Court for Baltimore City, to reverse, to overrule, to modify, to alter, to amend, or to reform the judgment of the United States District Court for the Central District of California. It is, rather, appropriate for us to extend full faith and credit to that judgment, not as

Semtek thinks it should be reformulated but as it was unambiguously expressed. *Osteoimplant Technology v. Rathe,* 107 Md.App. 114, 117–18, 666 A.2d 1310 (1995) ("We hold . . . that the judgment is only subject to reopening in the court which rendered the initial judgment. Hence, if appellant wishes to have the judgment vacated, altered, or amended, those issues must be addressed by the United States District Court for the Southern District of New York.")

◼ That being said, however, we further believe that, in the United States District Court, Judge Collins correctly applied the substantive law of the State of California. What Semtek argues is the preclusion law or the *res judicata* law of the State of California is, when looked at precisely, the law as to how California characterizes judgments of dismissal on limitations grounds **RENDERED BY CALIFORNIA STATE COURTS**. There was in this case no judgment of dismissal by a California state court and the California state preclusion law with respect to such a state court judgment, therefore, is utterly immaterial.

In *Costantini v. Trans World Airlines,* 681 F.2d 1199 (1982), the Ninth Circuit applied the *res judicata* law of the State of California with respect to a judgment earlier rendered not by a California state court but by a federal district court sitting, in diversity, in the State of California. The federal district court had dismissed the diversity claim as one barred by *res judicata.* As urged by the plaintiff, the Ninth Circuit agreed "that a federal court sitting in diversity must apply the *res judicata* law of the state in which it sits." 681 F.2d at 1201. It then pointed out, however, that California law, in turn, determines the preclusive effect of a prior federal judgment by looking to federal, not California, preclusion standards. The holding of the Ninth Circuit was clear:

California's law of *res judicata* dictates what preclusive effect is to be accorded to the prior judgment against appellant. That *California law, however, determines the res judicata effect of a prior federal court judgment by applying federal standards.* Therefore, those federal stan-

dards are applicable here to determine the preclusive effect of the prior judgment.

*Id.* (footnote omitted; emphasis supplied). *See also Bates v. Union Oil Co.,* 944 F.2d 647, 649 (1991), *cert. denied,* 503 U.S. 1005, 112 S.Ct. 1761, 118 L.Ed.2d 424 (1992).

Judge Kaplan expressly relied on the Ninth Circuit's decision in *Costantini v. Trans World Airlines* as an alternative ground for his ruling that Semtek's suit was barred by *res judicata:*

> Even if the Court were to ignore the language of Rule 41(b) and accept Plaintiff's arguments distinguishing the Fourth and Fifth Circuit cases from the present one, the Ninth Circuit has also applied federal law in establishing the preclusive effect of federal judgments on subsequent identical state court actions. For example, the Ninth Circuit in *Costantini v. Trans World Airlines,* 681 F.2d 1199 (9 th Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982) explained that *[the] California state court would rely on federal law to determine the preclusive effect of a federal judgment.*

(Emphasis supplied). Two decisions of the Supreme Court of California have also indicated that California will follow federal preclusion law in determining the *res judicata* effect of an earlier federal judgment on a subsequent suit in a California state court. *Younger v. Jensen,* 26 Cal.3d 397, 411, 161 Cal.Rptr. 905, 914, 605 P.2d 813, 822 (1980); *Levy v. Cohen,* 19 Cal.3d 165, 172–73, 137 Cal.Rptr. 162, 167, 561 P.2d 252, 257 (1977).

## Conclusion

■ We affirm the ruling of Judge Kaplan that Semtek's refiling of the suit against Lockheed was barred on the ground of *res judicata.* The earlier dismissal of the suit by the United States District Court for the Central District of California was a judgment on the merits and was entitled to the preclusive effect that Judge Kaplan gave it.

*JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.*